**R.A.G.S. COUTURE, INC.,**
Plaintiff-Appellant,

v.

**Mary M. HYATT and Oren M. Welborne,**
Defendants-Appellees.

No. 84–3827.

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1985.

McGlinchey, Stafford, Mintz, Cellini & Lang, John Gregory Odom, Victoria L. Knight, New Orleans, La., for plaintiff-appellant.

Hess & Washofsky, Keith R. Credo, Leonard A. Washofsky, Jacqueline Mae Goldberg, New Orleans, La., for defendants-appellees.

Before WISDOM, POLITZ and TATE, Circuit Judges.

## OPINION

WISDOM, Circuit Judge.

This case raises questions concerning the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, in the wake of the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co.*, 1985, 473 U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346. In *Sedima*, the majority opinion relied heavily on the broad language of the statute. The present case stretches the statutory language to its limit. The complaint minimally complies with the requirements sufficient to support a civil RICO violation: two individual defendants are termed an "enterprise" [1] and two acts of mail fraud they allegedly committed constitute a pattern of "racketeering activity".[2] The district court granted the defendants' motions to dismiss and for summary judgment. We conclude that we are compelled to reverse in the light of the *Sedima* decision and the procedural setting of this case.

### I.

The plaintiff, R.A.G.S. Couture, Inc. (R.A.G.S.), filed this suit against the defendants who allegedly attempted to defraud the company. Defendant Mary Hyatt was the president and a stockholder of R.A.G.S., a clothing manufacturer in Louisiana, from April 1982 to March 1983. Her daughter Kellie was a stockholder and

---

1. An "'enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity'". 18 U.S.C. § 1961(4).

2. A "'pattern of racketeering activity' requires at least two acts of racketeering activity". 18 U.S.C. § 1961(5). A "racketeering activity" is any act indictable under an enumeration of state and federal criminal laws. 18 U.S.C. § 1961(1).

employee of the company during that period. Defendant Oren Welborne is alleged by the defendants to own industrial sewing machines that he rented to R.A.G.S. while Hyatt was president. Hyatt, her daughter, and the two other stockholders of the company had a meeting on March 13, 1983, at which Hyatt and her daughter terminated their employment with R.A.G.S. and released their interest in the company. On the same day, Hyatt and Welborne told the two remaining stockholders that the sewing machines used by R.A.G.S. were owned by Welborne and rented to the company. The stockholders allege that Hyatt had previously told them that the company owned the sewing machines. Welborne took possession of the machines on March 14th after signing a statement in which he claimed that he owned all of them.

R.A.G.S. alleges that on March 30, 1983, either Welborne or Hyatt mailed or caused to be mailed to the plaintiff copies of invoices, signed by Hyatt, for repair services performed by Welborne on the sewing machines and for rental fees. The plaintiff maintains that both defendants knew of the mailing. The invoices had various dates from July 1982 to February 1983, but the plaintiff alleges that the invoices were fraudulently prepared by the defendants after March 13, 1983. On August 24, 1983, counsel for Welborne mailed copies of the invoices and a demand for payment to counsel for R.A.G.S.

R.A.G.S. filed suit under the civil provision of RICO, 18 U.S.C. § 1964(c),[3] against Hyatt and Welborne. The gravamen of the plaintiff's complaint is that the defendants combined to defraud R.A.G.S. by submitting false invoices. The plaintiff alleges that it had no contract to rent the sewing machines. Furthermore, the plaintiff contends that Welborne did not service the machines, as the defendants have asserted. R.A.G.S. contends that it is entitled to relief because the defendants formed an enterprise—the association of Hyatt and Welborne—that affects interstate commerce and conducted the affairs of the enterprise "through a pattern of racketeering activity" in violation of 18 U.S.C. § 1962(c).[4] The pattern of racketeering activity consisted of two alleged acts of mail fraud, the mailings on March 30, 1983 and August 24, 1983. The plaintiff seeks damages under § 1964(c) and an order prohibiting the defendants from attempting to defraud the company.

Before trial, each defendant moved to dismiss and for summary judgment. The district court granted the defendants' motions and the plaintiff has appealed.

## II.

 To prove a violation of 18 U.S.C. § 1962(c) a plaintiff must show that (1) an enterprise existed that affected interstate commerce; (2) the defendant was associated with the enterprise; (3) the defendant participated in the conduct of the enterprise's affairs; and (4) the participation was through a "pattern of racketeering activity". *See United States v. Phillips*, 5 Cir.1981, 664 F.2d 971, 1011, *cert. denied*, 1982, 457 U.S. 1136. The term "enterprise" is defined broadly to include any "group of individuals associated in fact". 18 U.S.C. § 1961(4). A pattern of racketeering activity is "at least two acts" indictable under an enumeration of state and federal criminal laws.[5]

In their motions to dismiss and for summary judgment the defendants asserted

---

**3.** The civil RICO section provides:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c).

**4.** 18 U.S.C. § 1962(c) reads in full:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**5.** See footnote 2.

that the plaintiff failed to allege or offer any proof of an enterprise that affects interstate commerce or of a "pattern of racketeering activity". The district court granted the motions to dismiss on the grounds that the plaintiff failed to allege a sufficient nexus between the enterprise and interstate commerce. Also, the court dismissed the complaint because the plaintiff failed to allege a "racketeering injury". The parties had not raised this issue. The court granted the motions for summary judgment because it found that the plaintiff had failed to offer proof of two acts of mail fraud and thus could not show a pattern of racketeering activity.

R.A.G.S.'s complaint alleged that Hyatt and Welborne were "associated in fact" and thus constituted an enterprise for purposes of the RICO Act. The district court denied the defendants' motions to dismiss and for summary judgment on this issue. The court found that a material question of fact exists as to whether the defendants formed an association. This ruling is correct in the light of this circuit's broad interpretation of the definition of "enterprise" in 18 U.S.C. § 1962(c). *See Alcorn County v. U.S. Interstate Supplies, Inc.,* 5 Cir. 1984, 731 F.2d 1160, 1168.

## A. Nexus with Interstate Commerce

■ The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) because the court found that the plaintiff had failed to allege a sufficient nexus between the association of Hyatt and Welborne and interstate commerce. It is axiomatic that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts which could be proved in support of the claim. *Thompson v. Allstate Insurance Co.,* 5 Cir.1973, 476 F.2d 746, 749. We must reverse the district court on this issue because we are unable to hold that the plaintiff could not prove a set of facts to support a nexus between the enterprise and interstate commerce.

■ The nexus with interstate commerce required by RICO is "minimal". *See United States v. Rone,* 9 Cir.1979, 598 F.2d 564, 573, *cert. denied,* 1980, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780. The plaintiff has alleged that the defendants used an instrumentality of interstate commerce, the United States Postal Service, to execute their fraudulent scheme. Moreover, the plaintiff apparently was involved in interstate commerce and the defendants' scheme adversely affected it. These facts, if proved at the trial, would provide the link with interstate commerce necessary under the statute.

■ The district court stated in dictum that it is the enterprise, and not the predicate acts, that must affect interstate commerce. That statement is erroneous. Undoubtedly, RICO requires that the enterprise be engaged in or its "activities" affect interstate or foreign commerce, 18 U.S.C. § 1962(c); however, the word "activities" is not limited to legitimate or nonpredicate acts. The Supreme Court's *Sedima* decision cautions us not to place barriers before RICO plaintiffs that are not found in the text of the statute. Moreover, the Court has held that an enterprise may be organized solely for illegitimate purposes, and that evidence of the existence of the enterprise may coalesce with evidence of the underlying pattern of racketeering. *United States v. Turkette,* 1981, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246. If an enterprise engages only in illegal activities, then certainly these acts must provide the requisite nexus with interstate commerce. Other circuits that have addressed the issue agree that the predicate acts supporting a RICO violation may provide the nexus with interstate commerce. *See Bunker Ramo Corp. v. United Business Forms, Inc.,* 7 Cir.1983, 713 F.2d 1272, 1289; *United States v. Barton,* 2 Cir., 647 F.2d 224, 233–34, *cert. denied,* 1981, 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152; *United States v. Bagnariol,* 9 Cir.1981, 665 F.2d 877, 893, *cert. denied,* 1982, 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487.

For these reasons, the district court should consider the alleged predicate acts of mail fraud and any other illegal activities of the defendants in determining whether the enterprise was connected with interstate commerce.

## B. *Injury*

■ The district court also dismissed the complaint because the plaintiff failed to allege a "racketeering injury". The *Sedima* decision requires us to reverse the court on this issue. 105 S.Ct. at 3286. Any injury to business or property caused by a violation of 18 U.S.C. § 1962(c) is sufficient. The plaintiff has alleged business interruptions and expenses as a result of the defendants' alleged scheme to defraud the company. These allegations are sufficient to withstand a motion to dismiss under Federal Rule 12(b)(6).

## C. *Pattern of Racketeering Activity*

■ The district court granted the defendants' motions for summary judgment on the grounds that there was evidence of only one alleged act of mail fraud and therefore the plaintiff had failed to show a pattern of racketeering activity since "at least two acts" are required by the statute. A summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The record must be viewed in the light most favorable to the party opposing the motion.

■ The law on the subject of mail fraud is well established. A person who participates in a "scheme or artifice to defraud" and causes a use of the mails "for the purpose of executing the scheme" violates 18 U.S.C. § 1341.[6] The test to determine whether a defendant caused the mails to be used is whether the use was reasonably foreseeable. The defendant need not intend to cause the mails to be used. *United States v. Toney*, 5 Cir.1979, 598 F.2d 1349, 1355, *cert. denied*, 1980, 444 U.S. 1033, 100 S.Ct. 706, 62 L.Ed.2d 670.

Two acts of mail fraud were alleged in the complaint. The first was the mailing on March 30, 1983 to R.A.G.S. and the second was the mailing by counsel for Welborne to counsel for R.A.G.S. on August 24, 1983. The plaintiff maintains that either Welborne or Hyatt caused both mailings and that each defendant knew of the mailings. The district court found that there was a material question of fact whether either of the defendants caused the first mailing. If one of the defendants caused the mailing and they both participated in the fraudulent scheme, then both would have committed mail fraud. A defendant need not personally cause the mails to be used; "there need only be sufficient evidence to connect him to the fraudulent scheme involving the use of the mails". *United States v. Finney*, 5 Cir.1983, 714 F.2d 420, 423.

The district court ruled that the second mailing was not caused by the defendants because it was sent in response to an inquiry from the plaintiff's counsel. The court did not determine whether the defendants reasonably could have foreseen the inquiry by the plaintiff's counsel and the response by Welborne's counsel. If these mailings were foreseeable and made in execution of the defendants' alleged scheme to defraud R.A.G.S., then the mail-

---

**6.** Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.
18 U.S.C. § 1341.

ing on August 24th by Welborne's counsel was an act of mail fraud. This is a question of fact inappropriate for resolution before trial.

The defendants argue that even if they committed two acts of mail fraud, these were not sufficient to constitute a "pattern of racketeering activity". They rely on the language of the statute, which requires "at least two acts", and the suggestion in *Sedima* that "while two acts are necessary, they may not be sufficient." 105 S.Ct. at 3285 n. 14. The district court did not consider this issue. We are not persuaded by the defendants' argument. The Supreme Court in *Sedima* implied that two "isolated" acts would not constitute a pattern. *Id.* In this case, however, the alleged acts of mail fraud are related.

Since there is a material question of fact whether two acts of mail fraud were committed, the summary judgment for the defendants must be reversed.

### III.

The scope of the civil RICO statute is breathtaking. An allegation of fraud in a contract action can transform an ordinary state law claim into a federal racketeering charge. It may be unfortunate for federal courts to be burdened by this kind of case, but it is not for this Court to question policies decided by Congress and upheld by the Supreme Court. The broad language of the statute and the *Sedima* decision provide us with clear guidance. Material questions of fact exist that cannot be resolved before trial. The judgment of the district court is therefore REVERSED and the case is remanded for further proceedings.