**John MEADE**

v.

**Doug WEBER, et al.**

**Civ. A. No. 85–4722.**

United States District Court,
E.D. Louisiana.

Jan. 10, 1986.

Cecil Burglass, New Orleans, La., for plaintiff.

Doug Weber, pro se.

Malcolm Monroe, New Orleans, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Defendants seek a dismissal pursuant to Rule 12(b)(1) and (6) and, alternatively, move for a more definite statement. Defendants' Motion is GRANTED in part and DENIED in part.

Plaintiff sues for violations of Section 17(a) of the Securities Act of 1933, violations of RICO, wire fraud, mail fraud, and allege pendent state law fraud claims as well.

Plaintiff's Complaint alleges that the defendants formed an enterprise affecting interstate commerce, the stated purpose of which was to solicit plaintiff's investment in the enterprise in exchange for certain tax benefits. The enterprise was represented, plaintiff claims, to be a tax-shelter device. Plaintiff was to receive certain Research and Development tax benefits, and certain Investment Tax Credits. Plaintiff also claims that it was represented that plaintiff would receive additional tax benefits by virtue of a sale-lease back arrangement. Plaintiff invested $140,000.00 in the enterprise, but got no tax benefits and filed this suit.

Defendants seek a dismissal of the suit because the Complaint violates the pleading requirements of Rule 9(b), no claim for relief is stated under RICO, a private right of action does not exist under Section 17(a),

and, alternatively, they seek a more definite statement if their Motion to Dismiss is unsuccessful.

RULE 9(b)

Defendants argue that plaintiff's Complaint falls short of the pleading requirements for fraud because of plaintiff's failure to allege such particulars as the time, place and specific identity of the persons who made the alleged misrepresentations to plaintiff. See *Zerman v. Ball*, 735 F.2d 15 (2 Cir.1984).

 Defendants' argument is short of the mark. Although some courts have required that such details must be alleged in a suit for fraud, others have also recognized that "nothing in [Rule 9(b) ] requires them" and that "plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud". *Seville Industrial Machinery v. Southmost Machinery*, 742 F.2d 786, 790–791 (3 Cir.1984). What is critical is that the plaintiff identified the "circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations". *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9 Cir.1973). As *Walling* teaches, Rule 9(b) does not require the pleading of every detailed evidentiary matter. The Court has examined plaintiff's Complaint and finds that the plaintiff has identified the circumstances constituting fraud in a manner sufficient to give the defendants fair notice of the claim. Therefore, this ground of defendants' Motion is without merit.

## A PRIVATE RIGHT OF ACTION UNDER § 17(a)?

Defendants contend that Count II of the Complaint should be dismissed because a private right of action will not lie under Section 17(a) of the Securities Act of 1933. That is certainly the law of the Fifth Circuit. *Simpson v. Southeastern Investment Trust*, 697 F.2d 1257 (5 Cir.1983). Therefore, Count II of the Complaint should be dismissed with prejudice. However, it is claimed that plaintiff is entitled to use the scheme complained of to allege a violation of Section 17(a) as a predicate offense for a RICO claim even though plaintiff might lack an independent private right of action under Section 17(a). But the scheme complained of, on the face of the pleadings, does not involve an "investment contract" within the meaning of the securities laws sufficient to support a predicate offense under RICO a violation of Section 17(a).

The question is governed by *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975). In *Forman*, the Supreme Court defined the meaning of "investment contract" for purposes of determining whether an investment contract constitutes a security within the meaning of the federal securities laws:

"The touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. By profits, the Court has meant either capital appreciation resulting from the development of the initial investment ... or a participation in earnings resulting from the use of investors' funds...."

*United Housing Foundation, Inc. v. Forman, supra*, at 852, 95 S.Ct. at 2060.

The Court held that the expectation of tax deductions does not equate with an expectation of profits or earnings within the meaning of the securities laws and, therefore, an investment contract dealing in tax benefits does not constitute a security.

 Plaintiff alleges that the only goal of the investment in the enterprise was to receive tax benefits through the utilization of a tax-shelter device. Plaintiff does not allege an expectation of appreciation or profits from the transaction and, therefore, has failed to allege the existence of a security within the meaning of the securities laws. See also *Sunshine Kitchens v. Alanthus Corporation*, 403 F.Supp. 719 (D.C.Fla.1975). Accordingly, plaintiff has failed to state a claim under Section 17(a)

of the Securities Act of 1933 and paragraph VIII(c) of Count I of the Complaint should be dismissed.

## ALLEGATIONS UNDER RICO

Finally, defendants contend that plaintiff has failed to properly allege a civil cause of action under RICO, but a review of the Complaint and the case law indicates that this contention is without merit. Defendants have confused what must be plead to state a RICO claim with what must be proven at trial. See *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350 (5 Cir.1985).

Accordingly, for all the foregoing reasons,

IT IS ORDERED:

Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Count II of the Complaint, and Paragraph VIII(c) of Count I of the Complaint are hereby DISMISSED with prejudice. As to the remaining Counts of the Complaint, the Motion to Dismiss is without merit and is DENIED.

Defendants' Motion for a More Definite Statement is DENIED.