**UNITED FISH CO., Plaintiff,**

v.

**Donald E. BARNES, et al., Defendants.**

**Civ. No. 85–0248 P.**

United States District Court,
D. Maine.

Feb. 5, 1986.

Patrick J. Scully, John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Richard E. Poulos, Law Offices of Richard E. Poulos, Portland, Me., for defendants.

**MEMORANDUM OF DECISION AND ORDER ON MOTION FOR DISMISSAL**

GENE CARTER, District Judge.

This case comes before this Court on the amended motion of Defendants Donald E. Barnes, Bernard J. O'Neill, and North Star Corporation for dismissal. Defendants contend that the Plaintiff, United Fish Co.,

has failed to state a claim in the federal law count (Count IV) of the Amended Complaint, and that if Count IV consequently is dismissed, the remaining state law claims in Counts I, II and III should be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges in Count I that Defendants Barnes, O'Neill and North Star wrongfully converted funds of the Plaintiff for the use of the Defendants. Count II sets forth a claim against Barnes for breach of fiduciary obligations of care, honesty and loyalty. Count III sets forth a claim against Barnes for diversion of corporate opportunities. In Count IV, Plaintiff alleges that Barnes, O'Neill and North Star violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq*. It is Count IV of the Complaint, the RICO claim, that Defendants claim is deficient and contend should be dismissed.

In sum, Plaintiff alleges that O'Neill and Barnes undertook to conduct fraudulent transactions on behalf of United Fish with various customers on the eastern seaboard. Specifically, Plaintiff alleges that Barnes and O'Neill entered into agreements to sell fish to various purchasers, that the purchase money for the fish was paid into bank accounts in Philadelphia created by O'Neill and Barnes in names such as United Fish of Philadelphia, Inc. and North Star Corporation, and that Defendants then informed Plaintiff that such purchase money had not actually been paid by the customer and that the accounts should be written off as bad debt losses. In addition, Plaintiff alleges that Barnes wrote checks on United Fish bank accounts to himself which were not for services rendered, and that these checks were wrongfully converted to the use of all Defendants. Plaintiff also alleges that such transactions were conducted utilizing the telephone and the mail, and that such actions constituted a "pattern of racketeering activities" within the meaning of 18 U.S.C. § 1961(5), and in violation of 18 U.S.C. § 1962(c) and (d).

Defendants raise two basic arguments in support of their contention that the RICO claims of Plaintiff should be dismissed. First, Defendants maintain that Plaintiff has failed to allege a RICO violation with sufficient particularity, as required by Fed. R.Civ.P. 9(b). Second, Defendants argue that the Amended Complaint fails to allege a "pattern of racketeering activities" as required by the RICO statute, 18 U.S.C. §§ 1961(5) and 1962.

Turning to Defendants' first contention, the requirements of Rule 9(b) apply to allegations of fraud such as set forth in Count IV of the Plaintiff's Amended Complaint. Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Defendants contend that Plaintiff's Amended Complaint failed to apprise Defendants of the basis of the claim, and that it did not specify properly the time, place and content of allegedly fraudulent actions.

The First Circuit has enunciated an approach to the particularity requirement of Rule 9(b) that appears to require a more detailed allegation of fraud in the complaint than would be required by some other courts. *See, e.g., Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984). Thus, in *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980), in which a plaintiff sued several sellers and distributors of a car for a fraudulently adjusted odometer, the Court stated:

> The clear weight of authority is that Rule 9 requires specification of the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred. (Citations omitted.) This interpretation of Rule 9 comports with its language, harmonizes the rule with Rule 8, which requires that documents in pleadings be concise and direct, and at the same time fulfills a major purpose of Rule 9: to give adequate

notice of the plaintiff's claim of fraud or mistake. (Citations omitted.)

*See also Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir.1985).

While the First Circuit emphasizes the need for specificity in averments of fraud, Plaintiff's Amended Complaint satisfies such requirements. Plaintiff alleges the approximate time at which Barnes and O'Neill each began dealing with customers on behalf of United Fish Co., and the time during which the allegedly fraudulent transactions took place. Amended Complaint, ¶ 23(c) and (d). Plaintiff sets forth the names of eight customers with whom Barnes and O'Neill allegedly engaged in fraudulent transactions. Amended Complaint, ¶ 23(d). Plaintiff also describes the manner of carrying out such allegedly fraudulent activities, such as the use of false invoices or bills, the failure to forward customer payments to United Fish Co., the urging that United Fish Co. write off such transactions as uncollectible bad debts, and the creation of bank accounts in Philadelphia by the Defendants for the depositing of fraudulently-induced payments from customers. Amended Complaint, ¶ 23(d), (e) and (f). Plaintiff also alleges a time period during which Barnes improperly wrote checks on United Fish Co. accounts to himself and to accounts controlled by himself and the other Defendants. Amended Complaint, ¶ 23(g). Additionally, Plaintiff specifically names Kenneth Peterson as a customer who was instructed by Barnes to make payment directly to him for a transaction with United Fish Co. and not to disclose such payment to Plaintiff. Amended Complaint, ¶ 23(h).

While Defendants contend that the Plaintiff's Amended Complaint does not comply with the requirements of Rule 9(b), a plaintiff is not required to allege "evidentiary details" in his fraud claim. *Caliber Partners, Ltd. v. Affeld,* 583 F.Supp. 1308, 1311 (N.D.Ill.1984). Moreover, Rule 9(b) should be read in light of the requirements of other rules such as Rule 8. As C. Wright and A. Miller state:

> [I]t is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.

C. Wright and A. Miller, *Federal Practice and Procedure:* Civil § 1298.

■ The Amended Complaint alleges the role of the Defendants, the method of the scheme, and the time frame of the process with particularity sufficient to comply with the requirements of Rule 9(b).

Defendants next contend that the Amended Complaint fails to allege a sufficient "pattern" of racketeering activity as required by the RICO statute.

The relevant statutory definition reads:

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

18 U.S.C. § 1961(5).

Defendants maintain that merely alleging two acts of racketeering activity does not necessarily show the requisite pattern of activity, and that Plaintiff should be required to show that separate criminal episodes took place rather than multiple acts in furtherance of a single criminal scheme. Defendants rely on the remarks of Justice White in a footnote to his opinion in *Sedima, S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, ——, n. 14, 105 S.Ct. 3275, 3285, n. 14, 87 L.Ed.2d 346, 358, n. 14 (1985).

The *Sedima* holding did not address the question whether a pattern of racketeering activity had been established, and so Justice White's remarks on the issue constituted dicta. However, Justice White's interpretation of this provision should not be lightly dismissed, particularly given the legislative history supporting his view. Footnote 14 of *Sedima* reads, in part:

> As many commentators have pointed out, the definition of a "pattern of racke-

teering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added).

Nevertheless, the Defendants' reliance on this language, for the proposition that multiple criminal schemes always must be alleged, is misplaced. Justice White, and the legislative history, assert that multiple criminal acts must be related and not "sporadic" in order to constitute a pattern under the statute; they do not contend that one comprehensive criminal scheme, involving several related unlawful actions, would be insufficient.

While courts have differed on the requirements for establishing a pattern of racketeering activity, interpretations subsequent to *Sedima* are instructive. In *R.A. G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985), a company sued two individuals under RICO for defrauding it through the use of false invoices. The Court found the complaint, which alleged two acts of mail fraud, sufficient to form a pattern of racketeering activity. "The Supreme Court in *Sedima* implied that two 'isolated' acts would not constitute a pattern. (Citations omitted.) In this case, however, the alleged acts of mail fraud are related." *Id.* at 1355; *see also Systems Research, Inc. v. Random, Inc.,* 614 F.Supp. 494 (N.D.Ill. 1985).

 Similarly, the acts alleged by United Fish Co. are not isolated instances of misconduct. The alleged use on several occasions of false invoices involving the named customers, the alleged direction that the debts be written off the Plaintiff's books as bad debt losses, and the alleged creation of bank accounts by the Defendants for the purposes of receiving fraudulent payments for customers, all involving mail and telephone transactions, demonstrate continuity and relationship sufficient to allege a pattern of racketeering activity.

For the foregoing reasons, the motion of Defendants for dismissal due to the absence of subject matter jurisdiction is hereby DENIED.

So ORDERED.