John MONTESANO, et al.,
Plaintiffs-Appellants,

v.

SEAFIRST COMMERCIAL CORP., et
al., Defendants-Appellees.

No. 85–3755.

United States Court of Appeals,
Fifth Circuit.

June 5, 1987.

Galen S. Brown, Mack E. Barham, New Orleans, La., for plaintiffs-appellants.

Richard A. Goins, George V. Baus, Joseph Lemire, New Orleans, La., for defendants-appellees.

Before POLITZ, JOLLY and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We are asked to define "pattern of racketeering activity" and to determine if plaintiffs properly alleged an "association in fact" enterprise in this appeal from a dismissal of a complaint for money damages

under civil RICO. We conclude that plaintiffs have alleged a pattern of racketeering activity as defined by *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985), but that plaintiffs failed to allege an entity separate and apart from the alleged pattern of racketeering activity, and we AFFIRM. In doing so, we follow *R.A.G.S.* but urge that it be overturned, en banc.

## I

In this appeal from a Rule 12(b)(6) dismissal, we accept the facts as alleged in the complaint. According to the complaint, Seafirst Commercial Corp. loaned money to John Montesano, Joseph Maturin and Roland Maturin, secured by ship mortgages on vessels owned by J.J. & R., a partnership among these three persons. In May of 1985, Strike-N-Arc Marine was repairing the M/V Riverlands, one of the mortgaged vessels. The partnership was delinquent in its payments to Seafirst. Seafirst did not foreclose but obtained possession of the vessel directly from Strike-N-Arc Marine.

The vessel owners allege that Seafirst and others accomplished this "repossession" by "falsely representing to employees of Strike-N-Arc that the property of plaintiffs was being legally removed by defendants." The complaint alleged a "pattern of racketeering," asserting wire fraud accomplished by telephone conversations by representatives of defendants in Texas and representatives of Kenner Marine and Machinery, Inc., the repossessing agent, in Louisiana, which were "in furtherance of a scheme or artifice" to "illegally gain possession of property," and mail fraud which occurred when defendants corresponded with each other "concerning the illegal means of acquiring plaintiffs' property."

The district court granted the motion to dismiss for failure to state a claim. The parties present several arguments regarding the application of civil RICO. We first treat the question whether plaintiffs have alleged a pattern of racketeering activity, and then turn to whether plaintiffs' allegations establish an "association in fact" enterprise for RICO purposes.

## II

Of course, a violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). Before *Sedima,* we had not attempted to define fully the meaning of pattern. *See, e.g., Owl Const. Co., v. Ronald Adams Contractor,* 727 F.2d 540 (5th Cir.1984). An imaginative plaintiff could take virtually any illegal occurrence and point to acts preparatory to the occurrence, usually the use of the telephone or mails, as meeting the requirement of pattern. It was thought that the Supreme Court might brake the proliferation of private suits under RICO, but the *Sedima* Court declined the invitation to read narrowly the broadly phrased language of RICO. The Court, however, did observe:

As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that "[t]he term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more,

does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan). *See also id.,* at 35193 (statement of Rep. Poff) (RICO "not aimed at the isolated offender"); House Hearings, at 665. Significantly, in defining "pattern" in a later provision of the same bill, Congress was more enlightening: criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575(e). This language may be useful in interpreting other sections of the Act. *Cf. Iannelli v. United States,* 420 U.S. 770, 789, 95 S.Ct. 1284, 1295, 43 L.Ed.2d 616 (1975).

*Sedima,* 105 S.Ct. at 3285 n. 14. We have not expressly reexamined our earlier treatment of pattern in the light of *Sedima,* at least with regard to whether a single discrete offense can be sliced into a pattern. *Cf., Cowan v. Corley,* 814 F.2d 223, 226–27 (5th Cir.1987) (concluding two acts do not constitute a pattern of racketeering activity in every instance). But we have noted that, as Judge Brown put it, "The Supreme Court appeared to challenge the lower courts to develop a more rigorous interpretation of pattern." *Smoky Greenhaw Cotton Co., v. Merrill Lynch Pierce Fenner & Smith,* 785 F.2d 1274, 1280–81, n. 7 (5th Cir.1986).

Plaintiffs argue here that we have implicitly adhered to our earlier definition of pattern since *Sedima,* pointing to *Corwin v. Marney, Orton Investments,* 788 F.2d 1063 (5th Cir.1986); *Armco Industrial Credit Corp. v. S.L.T. Warehouse Co.,* 782 F.2d 475 (5th Cir.1986); and *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985).

In *Corwin,* we reversed the dismissal of RICO claims because the Supreme Court in *Sedima* had rejected the basis of the district court's ruling that RICO requires a distinct racketeering injury separate from the harm of predicate acts. 788 F.2d at 1069. While the *Corwin* panel concluded that the allegations were sufficient for cer-

tain predicate acts, the argument was not made, and the panel did not face the question of whether acts preparatory to a single event can constitute a pattern.

In *Armco,* we rejected an argument that there must be proof of a prior criminal conviction of the predicate acts or a discrete racketeering enterprise injury. 782 F.2d at 480–81. The panel expressly noted that "whether the predicate acts fell into a pattern was not before them" and observed that "we leave for the future the task of interpreting that phrase" *Armco,* 782 F.2d at 481 (citing *R.A.G.S. Couture, Inc. v. Hyatt).* But plaintiffs' argument regarding R.A.G.S. has more force.

In *R.A.G.S.,* the plaintiff-corporation sued its former president and stockholder asserting that they had defrauded it. The corporation pointed to two mailings of false invoices as two acts of mail fraud; the two acts required for a pattern. The district court granted defendant's motion for summary judgment, concluding that there was evidence of only one act of mail fraud; it was persuaded that the asserted second mailing "was not caused by the defendants and was, therefore, not an execution of a scheme to defraud." Defendants argued on appeal that even if the two acts were caused by the defendants, they were not a pattern, pointing to *Sedima*'s language that "while two acts are necessary, they may not be sufficient." 105 S.Ct. at 3285, n. 14. The panel in *R.A.G.S.* replied: "[T]he Supreme Court in *Sedima* implied that two 'isolated' acts would not constitute a pattern." 774 F.2d at 1355. "In this case, however, the alleged acts of mail fraud are related." *Id.* The panel then found that whether defendants caused the second mailing presented an issue of fact and reversed the grant of summary judgment. *R.A.G.S.,* 774 F.2d at 1355.

Arguably *R.A.G.S.* did not address the issue before this panel, but rejected only the suggestion that two related acts of mail fraud could not constitute a pattern, 774 F.2d at 1355, at least in traditional terms of stare decisis. But our rule that one panel cannot overturn another serves a some-

what different purpose of institutional orderliness, a distinction evidenced by our insistence that, in the absence of intervening Supreme Court precedent, one panel cannot overturn another panel, regardless of how wrong the earlier panel decision may seem to be. Equally significant, drawing too fine a distinction here would invite further confusion in an already troubled subject. We then bow to *R.A.G.S.* but urge that it be overturned en banc.

### III

■ To the extent *R.A.G.S.* decided the issue, we are now persuaded that the court should change course in order faithfully to serve congressional purpose. And our task is just that. As the *Sedima* Court observed, the Senate Report focused on the meaning of pattern:

> The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern. S.Rep. No. 91–617, p. 158 (1969). (emphasis added).

105 S.Ct. 3285 n. 14. As we see it, a single robbery of a bank cannot be made into a pattern by pointing to a mailing and a phone call (such as to distract bank employees by giving false information). Rather, such acts are preparatory to the single offense of bank robbery. It is when a first robbery is preceded by discrete illegal acts separate in the sense that they are not simply preparatory acts or a second robbery is accomplished that the possibility of a pattern is raised.

It bears emphasis, however, that we describe acts preparatory to a discrete accomplishment. In doing so, we are not concerned that our reading of pattern invites unwarranted escape from RICO by a semantical game of generalizing the illegal objective, such as, suggesting in our bank robbery example that the objective was the robbing of banks, or to use a common example, suggesting that a series of drug transactions are only part of the single

offense of drug distribution. There are several discrete criminal events in such cases. Such a generalized objective is indistinguishable from the very criminal enterprise the Act was plainly intended to reach.

In concluding that acts preparatory to the accomplishment of a discrete offense do not form a pattern of racketeering activity, we are supported by virtually every circuit confronting the issue. *International Data Bank Ltd. v. Zepkin*, 812 F.2d 149, 154–55 (4th Cir.1987); *Marks v. Pannell Kerr Forster*, 811 F.2d 1108, 1110 (7th Cir.1987); *Torwest DBC, Inc. v. Dick*, 810 F.2d 925, 929 (10th Cir.1987); *Schreiber Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir.1986); *Devries v. Prudential-Bache Securities, Inc.*, 805 F.2d 326, 329 (8th Cir.1986); *cf. United States v. Ianniello*, 808 F.2d 184, 189–92 (2d Cir.1986); *Bank of America National Trust & Savings Association v. Touche Ross & Company*, 782 F.2d 966, 971 (11th Cir.1986). As the Tenth Circuit put it:

> A scheme to achieve a single discrete objective does not of itself create a threat of on-going activity, even when that goal is pursued by multiple illegal acts, because the scheme ends when the purpose is accomplished.

*Torwest DBC*, 810 F.2d at 929. But *R.A. G.S.* blocks this path.

### IV

In any event, we are persuaded that plaintiffs' complaint failed to allege an "association in fact" enterprise. Because the existence of an enterprise is an essential element of a RICO claim, 18 U.S.C. § 1962(c), the district court properly dismissed the complaint.

■ In *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438 (5th Cir.1987), we held that to establish an association in fact enterprise, the plaintiff must show "evidence of an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit." *Id.* at 440 (quoting *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); *Shaffer v.*

*Williams,* 794 F.2d 1030, 1032 (5th Cir. 1986)). This enterprise is not a "pattern of racketeering activity," but must be "an entity separate and apart from the pattern of activity in which it engages." *Id.* at 441 (quoting *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528, 69 L.Ed.2d 246). In order to state a civil RICO claim, plaintiffs must allege both the existence of an "enterprise" and the connected "pattern of racketeering activity." *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528. Moreover, plaintiffs must plead specific facts, not mere conclusory allegations, which establish the enterprise. *See United States v. Bledsoe,* 674 F.2d 647, 664–65 (8th Cir.), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982).

■ Plaintiffs have alleged that Seafirst Commercial, Kenner Marine, and Clark have joined together for the purpose of illegally repossessing the vessel. Thus, plaintiffs have alleged an association. But this association is not an enterprise within the purview of RICO because it lacks continuity. By *Turkette,* "association-in-fact" enterprises, like corporate or partnership enterprises, must have an ongoing organization or be a continuing unit, such that the enterprise has an existence that can be defined apart from the commission of the predicate acts. Thus, two individuals who join together for the commission of one discrete criminal offense have not created an "association-in-fact" enterprise, even if they commit two predicate acts during the commission of this offense, because their relationship to one another has no continuity. However, if the individuals associate together to commit several criminal acts, their relationship gains an ongoing nature, coming within the purview of RICO.[1]

■ Plaintiffs did not allege that Seafirst Commercial, Kenner Marine, and Clark were functioning as a continuing unit, but only that they conspired in this one instance to repossess the vessel. The enter-

prise was the accomplishment of this discrete event. That is not enough. Proof of a "pattern of racketeering activity" does not necessarily establish an "enterprise" because "pattern" as defined by *R.A.G.S.* does not require this continuity.

As this case illustrates, the expansive view of pattern in *R.A.G.S.* will not ordinarily expand civil liability for cases in which the enterprise is alleged to be an association in fact. Joining together only to commit a discrete offense will not sum to the continuity required for an enterprise existing apart from the predicate acts. But the reach of *R.A.G.S.* is nonetheless wide because it continues to reach enterprises which exist apart from their individual members, such as corporations or partnerships and forces our attention on patterns, as here. It allows a use of RICO Congress never intended.

Accordingly, plaintiffs' allegations do not establish an enterprise, a continuing unit, and the district court correctly dismissed the complaint under Rule 12(b)(6).

AFFIRMED.

1. This is also the existing policy of the United States Attorney's Office. The United States Attorney's Manual instructs:

No RICO count of an indictment shall charge the enterprise as a group associated in fact, unless the association-in-fact has an ascertainable structure which exists for the purpose of maintaining operations directed toward an economic goal, that has an existence that can be defined apart from the commission of the predicate acts constituting the patterns of racketeering activity.

United States Attorney's Manual, Title 9—Criminal Division, Guideline No. 9–110.360.