Donald R. **FOVAL**, Plaintiff-Appellant,

v.

**FIRST NATIONAL BANK OF COMMERCE IN NEW ORLEANS, and Robert D. Brown, Defendants-Appellees.**

No. 86–3894.

United States Court of Appeals, Fifth Circuit.

April 1, 1988.

---

Nathan Greenberg, Greenberg & Dallam, Gretna, La., for Foval.

R. Patrick Vance, Elizabeth J. Futrell, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, David Israel, William J. Gibbons, Jr., New Orleans, La., for First Nat. Bank of Commerce in New Orleans.

Brian J. Waid, Bubrig & Scandurro, Buras, La., for Robert D. Brown.

Before RUBIN, GARZA, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Concluding that there was no issue of material fact as to the existence of an "enterprise," the district court granted

summary judgment on plaintiff's civil RICO claim, 18 U.S.C. § 1961 et seq., and dismissed, without prejudice, plaintiff's remaining pendent state law claims. The court also assessed sanctions against plaintiff in the amount of $7,101.17. Foval now appeals challenging both the award of summary judgment and of sanctions. We AFFIRM the award of summary judgment but REMAND to permit the district court to reconsider its imposition of sanctions in light of our recent en banc discussion of Rule 11 in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988).

Foval was previously the co-owner of D–B Engineering Company ("D–B") along with appellee Brown. In December 1982 Foval executed an agreement to sell Brown his share of the company in exchange for approximately $175,000 cash and a five-year promissory note for an additional $344,000. D–B's bank, First National Bank of Commerce in New Orleans ("First NBC"), was required to approve this agreement, as its pre-existing loan agreement with D–B was collateralized by a security agreement on both shareholders' stock and further secured by guarantees of the individuals. First NBC released Foval from his guarantee and Foval, in turn, subordinated the payments on his promissory note to D–B's obligation owed to the bank. The parties specifically agreed that the bank reserved the right to have payments under the note to Foval suspended when, in First NBC's sole opinion, D–B's financial condition was not satisfactory.

Payments were made to Foval under D–B's promissory note until June 1984, when First NBC exercised its option to require D–B to cease making such payments. Foval filed suit under the promissory note and obtained a judgment, but before execution, D–B filed for bankruptcy in February 1985.

In April 1985, Foval commenced his first lawsuit against First NBC, asserting three state law causes of action, a cause of action for violation of the Bank Tying Act, 12 U.S.C. § 1971, and subsequently adding a Rule 10b–5 securities claim. The federal district court granted summary judgment for First NBC, dismissed the federal claims and refused to exercise pendent jurisdiction over the remaining state law claims.

On March 7, 1986, Foval filed a second lawsuit in state court against both First NBC and Brown realleging the state law claims and adding a civil RICO claim. First NBC removed this case to district court and shortly afterward moved for judgment on the pleadings, summary judgment, and sanctions under Fed.R.Civ.P. 11. Accompanying these motions, First NBC filed a lengthy statement of uncontested facts together with affidavits of Brown and two bank officers. Foval filed neither countervailing affidavits nor a statement of contested material facts. The district court, after considering the documents and hearing oral argument, granted summary judgment. Subsequently, the district court assessed sanctions against plaintiff and his counsel for prosecuting a claim without basis "in fact or law."

## I.

The first issue we must consider is whether the federal court had jurisdiction over plaintiff's case as removed. The "derivative jurisdiction" doctrine would deprive us of federal question jurisdiction over this removed action if plaintiff originally attempted to prosecute in state court a claim over which federal courts exercise exclusive jurisdiction. *See Spencer v. New Orleans Levee Board*, 737 F.2d 435, 437 (5th Cir.1984); *Cummings v. United States*, 648 F.2d 289, 291–92 (5th Cir.1981); 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3721, at 195–97 (1985). Whether a federal court exercises jurisdiction over civil RICO claims exclusively or concurrently with state courts is a hotly disputed topic.[1] We

---

1. The Ninth Circuit recently held that state and federal courts have concurrent jurisdiction over these cases. *Lou v. Belzberg*, 834 F.2d 730 (9th Cir.1987). The Seventh Circuit expressed doubt whether RICO jurisdiction is exclusively federal. *County of Cook v. Midcon Corp.*, 773 F.2d 892, 905 n. 4 (7th Cir.1985). At least two district courts have concluded that state courts enjoy concurrent jurisdiction over civil RICO claims. *See Chas. Kruz Co. v. Lombardi*, 595 F.Supp. 373, 381 n. 11 (E.D.Pa.1984); *Luebke v. Marine Nat'l Bank of Neenah*, 567 F.Supp. 1460,

need not reach the exclusivity issue, however, because we do not perceive that this case implicates the derivative jurisdiction doctrine.

■ Foval did not object to removing this case to federal court, and in fact, as explained at oral argument, he welcomed the return to a federal forum. In such circumstances, the Supreme Court has held that when a case is improperly removed to federal court, but is tried without objection and the federal court enters judgment, a party waives his right to raise the derivative jurisdiction issue. The issue on appeal, therefore, "is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). This court, sitting en banc, has recently applied the *Grubbs* waiver doctrine in *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc). There we held that a Jones Act claim improperly removed pursuant to 28 U.S.C. § 1445(a), but subsequently dismissed by summary judgment, resulted in waiver of any derivative jurisdiction objection. *Grubbs* and *Lirette* persuade us that any objection to the district court's jurisdiction was waived by the parties in this case.[2]

## II.

■ On the merits of his action, Foval urges that the district court's grant of summary judgment be reversed. When defendants moved for summary judgment, contending that there was neither a RICO "enterprise" nor the requisite "predicate act," Foval failed to file controverting affidavits. Although the case had been pending for several months and discovery had been undertaken, Foval introduced no evidence to demonstrate a fact issue necessary to preclude judgment under Fed.R. Civ.P. 56. Thus, the district court concluded that the evidence presented did not create a genuine issue of material fact as to the existence of an enterprise and accordingly granted defendants' summary judgment motion.

This court in *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986), which foreshadowed the United States Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), interpreted Rule 56 to require that a plaintiff adduce evidence, not merely argument, in response to a defendant's properly supported motion for summary judgment. *See also Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir.1987) (per curiam) (holding that moving party may rely upon "the complete absence of proof of an essential element" of the non-moving party's cause). Foval has not carried his burden in this respect. The evidence before the court establishes only the existence of a commercial loan transaction among First NBC, D–B and Brown. This in no way suggests an "association in fact" to satisfy the definition of an "enterprise" under 18 U.S.C. § 1961(4). In *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 440 (5th Cir.1987), we quoted *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981), and required that "[t]o establish an 'association in fact' enterprise [a plaintiff] must show 'evidence

1461 (E.D.Wis.1983). On the other hand, at least two district courts have concluded that federal jurisdiction over RICO is exclusive. *See Broadway v. San Antonio Shoe, Inc.*, 643 F.Supp. 584, 587 (S.D.Tex.1986); *Kinsey v. Nestor Exploration Ltd.*, 604 F.Supp. 1365, 1371 (E.D.Wash.1985).

**2.** Our discussion of this issue is necessitated only by the inapplicability of the recent amendment of 28 U.S.C. § 1441, which added subsection (e), to suits filed in state court before June 19, 1986, the effective date of that amendment.

Title 28 U.S.C. § 1441(e) provides that upon removal:

> [t]he Court to which such civil suit is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

Application of this new provision will substantially reduce the awkward effects of the derivative jurisdiction rule. *See, e.g., Cacioppe v. Superior Holsteins III, Ltd.*, 650 F.Supp. 607, 608 n. 2 (S.D.Tex.1986).

of an *ongoing organization,* formal or informal, and ... evidence that the various associates *function as a continuing unit.'* " (emphasis added). *See also Montesano v. Seafirst Commercial Corp.,* 818 F.2d 423, 426–27 (5th Cir.1987). Foval never intimated the existence of proof that the bank and its borrower formed an organization or functioned as a continuing unit. Defendants' motion for summary judgment was properly granted.

## III.

Foval finally challenges the district court's award of sanctions against him and his attorney pursuant to Fed.R.Civ.P. 11. Rule 11 provides that the signature of an attorney on pleadings, motions, and other papers:

> constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harrass or to cause unnecessary delay or needless increase in the cost of litigation.

The district court concluded:

> The evidence in the present case shows neither Foval nor [his attorney] Greenberg made the requisite reasonable inquiry into the facts and law underlying this case. Plaintiff's discovery responses show that the RICO claim was utterly devoid of supporting facts. The inescapable conclusion is that a case has been recklessly or disingenuously presented to this court. Such outrageous allegations made without any basis in fact or law warrant sanctions.

Minute Entry filed March 10, 1987. The district court then determined that sanctions of $7,101.17 would cover the reasonable expenses and attorney's fees incurred by First NBC. *Id.*

This court sitting en banc recently established appropriate procedures and standards for imposition of Rule 11 sanctions in *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988). First, we will review Rule 11 issues under an abuse of discretion standard. *Id.* at 871–73. Second, Rule 11 imposes certain obligations on litigants and their counsel. *Id.* at 873–76. Third, a district court must impose sanctions once it finds a Rule 11 violation. The court retains broad discretion in determining the "appropriate" sanction, however, and any reimbursed expenses must be found to have been caused by the Rule 11 violation and must be "reasonable." *Id.* at 876–79. Fourth, a party seeking sanctions must promptly notify the court and the offending party of its belief that a Rule 11 violation exists. *Id.* at 879–81. Fifth, a district court need not support its Rule 11 decision with specific findings of fact and conclusions of law in all cases. If, however, the justification underlying the decision is not readily apparent from the record, a prompt remand for such findings and conclusions will be made. *Id.* at 882–83.

Here the district court acted prior to, and without the benefit of, our decision in *Thomas.* Without expressing any opinion on the propriety of imposing sanctions herein, we remand this matter to permit the district court to reconsider its imposition of sanctions in light of *Thomas.*[3] We would observe that Rule 11 should not countenance sanctions for pleadings filed in state court in a case later removed to federal court unless, their deficiency having been promptly brought to the attention of the pleader after removal, he (or she) refuses to modify them to conform to Rule 11. Rule 11 does not apply to conduct that occurred in state court before removal.

The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

**3.** Our disposition of the foregoing issues renders consideration of additional arguments raised on appeal unnecessary.

EDITH H. JONES, Circuit Judge, specially concurring:

I would affirm, under *Thomas*, the district court's award of sanctions.