**William S. SMITH, Jr., and Marion R. Smith, Plaintiffs–Appellants,**

v.

**COOPER/T. SMITH CORP., et al., Defendants–Appellees.**

No. 87–3247.

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1989.

Opinion on Rehearing Dec. 5, 1989.

Gregory F. Gambel, Karen L. Sonnier, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., William H. Jeffress, Jr., J.R. Caldwell, Jr., Mary L. Lyons, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for plaintiffs-appellants.

Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., Norman E. Waldrop, Jr., Armbrecht, Jackson, Demouy, Crowe, Holmes & Reeves, Mobile, Ala., for Cooper/T. Smith Corp.

John M. McCollam, Ewell E. Eagan, Gordon, Arata, McCollam & Duplantis, New Orleans, La., Bernard J. Rothbaum, Jr., James P. Linn, Linn & Helms, Oklahoma City, Okl., for Moffett, Amato & Merrigan.

Harvey C. Koch, Howard Marks, New Orleans, La., for James E. Smith, Sr.

Before VAN GRAAFEILAND,[*] JOHNSON and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

We previously rendered a decision in this case on June 7, 1988, 846 F.2d 325. Rehearing en banc was granted on August 1, 1988. 850 F.2d 1086 (5th Cir.1988). Our panel decision was therefore vacated. Before the en banc court held a rehearing, however, the United States Supreme Court rendered its decision in *H.J., Inc. v. Northwestern Bell Telephone Co.*, —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). On August 31, 1989, 883 F.2d 357, the en banc court was dissolved and the case was remanded to this court for further action in the light of the Supreme Court's decision.

Our panel decision of June 7, 1988 affirmed in part and reversed in part the judgment of the district court. We affirmed the dismissal of the plaintiffs' claim under the Louisiana Unfair Trade Practices Act. We reversed the dismissal of the securities claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. § 240.-10b–5 and the RICO claim under 18 U.S.C. § 1961 *et seq.* Our holding regarding the RICO claim was affected by the Supreme Court's ruling in *H.J., Inc. v. Northwestern Bell Telephone Co.*

---

[*] Circuit Judge of the Second Circuit, sitting by designation.

In *H.J., Inc.* the Supreme Court interpreted the "pattern of racketeering activity" required to find a RICO violation. It stated:

RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.

109 S.Ct at 2900 (emphasis in original). This interpretation of the "pattern" requirement is different from the one we had given it in *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350, 1355 (5th Cir.1985). *See also H.J., Inc.,* 109 S.Ct. at 2898, note 2 (distinguishing *R.A.G.S. Couture* as a decision under which "two related predicate acts may be sufficient"). Because the Supreme Court narrowed the meaning of "pattern" from that which we had employed when we first decided the instant case, and because we decided the case only on an appeal from a grant of summary judgment, we now remand to the district court for further consideration of the RICO issue in the light of the Supreme Court's decision in *H.J., Inc.*

For the foregoing reasons, our decision of June 7, 1988, previously vacated by the en banc court, is therefore reinstated, except for the portion of it that addresses the RICO issue. In sum, with respect to the district court's grant of summary judgment, we affirm the dismissal of the plaintiffs' claims under the UTPA, reverse the dismissal of the plaintiffs' securities claims under section 10(b) and Rule 10(b)(5), reverse the dismissal of the plaintiffs' RICO claims, and remand for further consideration in the light of the Supreme Court's decision in *H.J., Inc. v. Northwestern Bell Telephone Co.*

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

### ON PETITION FOR REHEARING

PER CURIAM:

In our decision in this case on October 23, 1989, we affirmed in part, reversed in part and remanded the cause to the district court, which had previously dismissed all three of the plaintiffs' claims. We affirmed the dismissal of the plaintiffs' first claim under the Louisiana Unfair Trade Practices Act. We reversed the dismissal of the plaintiffs' second claim, a securities action under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)

and Rule 10b–5, 17 C.F.R. § 240.10b–5. We also reversed the judgment on the plaintiffs' third claim, a RICO action under 18 U.S.C. § 1961 *et seq.* We then remanded the securities and RICO claims to the district court for further proceedings.

Since we rendered our opinion, it has been brought to our attention that the plaintiffs judicially have admitted that the RICO case they alleged and had hoped to prove cannot satisfy the Supreme Court's new test for "pattern" in RICO violations set forth in *H.J., Inc. v. Northwestern Bell Telephone Co.,* — U.S. —, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A remand on this now mooted claim is thus unnecessary. We therefore modify our previous ruling and affirm the district court's dismissal of the RICO claim. In all other respects our previous ruling is unchanged, and the case is remanded to the district court for further proceedings on the securities claim only.