# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

Lyle W. Cayce
Clerk

No. 12-60386
Summary Calendar

ERICK EDUARDO VEGA-MUNOZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 371 241

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Erick Eduardo Vega-Munoz, a native and citizen of El Salvador, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Vega-Munoz's sole argument on appeal is that this court should reconsider the reasoning of its recent decision in *Orellana-Monson v. Holder*, 685 F.3d 511 (5th Cir. 2012), in which the court deferred to the BIA's "social

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

visibility" and "particularity" requirements for establishing membership in a "particular social group" for purposes of asylum.

In *Orellana-Monson*, 685 F.3d at 515-16, Jose Orellana-Monson sought asylum, like Vega-Munoz, based on his membership in a particular social group, namely, a group of Salvadoran males between the ages of 8 and 15 who had refused to join a pervasive street gang due to a principled opposition to gangs. This court upheld the BIA's application of the "particularity" and "social visibility" test in defining what constitutes a "particular social group," finding it "a reasoned interpretation . . . entitled to deference." *Id.* at 521. Because Orellana-Monson's proposed group lacked particularity and social visibility, this court upheld the BIA's decision that the proposed group did not meet the requirements of a "particular social group" for asylum purposes. *Id.* at 522.

"[I]n the absence of intervening Supreme Court precedent," one panel cannot overrule another panel even if it disagrees with the prior panel's holding. *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 426 (5th Cir. 1987). As such, contrary to Vega-Munoz's assertion, the BIA did not err in requiring "particularity" and "social visibility" to establish that Vega-Munoz was a member of a "particular social group."

Accordingly, Vega-Munoz's petition for review is DENIED.