**David PHILIPPE, Plaintiff,**

v.

**SHAPE, INC., et al., Defendants.**

**Civ. No. 87–0337–P.**

United States District Court,
D. Maine.

July 22, 1988.

---

784

Jay S. Blumenkopf, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for plaintiff.

Paul F. Zendzian, Portland, Me., for defendants.

## MEMORANDUM OF DECISION

GENE CARTER, District Judge.

### I. Introduction

Plaintiff brings this action against Shape, Inc., and two of its officers, to recover for damages that allegedly occurred when the company, pursuant to a capitalization plan, issued notes convertible to common stock and changed its corporate residence. Plaintiff, a Shape stockholder, claims that by fraudulently misrepresenting material facts in corporate documents, failing to inform Plaintiff or seek his approval of the capitalization and merger, and refusing to buy back his shares at a statutorily-fixed price, Defendants violated state and federal securities laws and breached their fiduciary duties to Plaintiff.

Defendants have moved to dismiss Plaintiff's action, claiming that Plaintiff's allegations of fraud and civil RICO [1] violations have not been pleaded with the particularity required by Fed.R.Civ.P. 9(b). For reasons set forth in this opinion, the Court denies Defendants' motion.[2]

---

1. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

2. Motions to dismiss for failure to satisfy Rule 9(b)'s specificity requirements may properly be characterized as motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). See 5 Wright & Miller, Federal Practice and Procedure § 1300. Rule 12(b) provides that if the court, in ruling on a motion to dismiss under 12(b)(6), permits the parties to introduce "matters outside the pleading," the motion "shall be treated as one

## II. Factual Background

Prior to 1985, Plaintiff and Defendants Anthony and Paul Gelardi shared corporate ownership and control of three corporations, including Shape.[3] In 1985, Shape entered into a capitalization agreement with a group of investors, under which Shape agreed to issue $6 million worth of notes convertible to common stock; reserve free of preemptive rights enough common stock to satisfy the investors' conversion rights; and reincorporate in Delaware. The Gelardis agreed to sell to Shape all their stock in DAP, MPT and three other companies,[4] in exchange for Shape common stock.

In August, 1985, Shape undertook a change of domicile merger to satisfy the reincorporation requirement of the agreement. Anthony Gelardi filed articles of merger with Maine's Secretary of State, certifying that all Shape stockholders had unanimously approved the merger. Plaintiff, one of the six Shape stockholders, had not been informed of or approved the proposed merger.

With the articles of merger Shape filed a document memorializing its agreement to pay dissenting shareholders for their shares pursuant to the Maine Business Corporation Act.[5] It then filed with Delaware's Secretary of State a "Certificate of Ownership and Merger," again certifying that its stockholders had unanimously approved the transaction.

In November, 1986, after the change of domicile merger was complete, Shape offered to buy Plaintiff's Shape stock for $3,326 per share. Plaintiff initially agreed. After learning of the merger and of his dissenter's rights, however, he turned down Shape's offer.

## III. Plaintiff's Action

Plaintiff filed this action on November 17, 1987, alleging that the 1985 merger and transactions made pursuant to it were fraudulent, violated his preemptive and dissenter's rights, breached Defendants' fiduciary duties, and violated state and federal securities law. He alleges that Defendants failed to inform him of the merger; to seek his approval of the merger; to advise him of his dissenter's rights; to purchase his stock at the statutory dissenter's rights price; to advise him that the merger and note issue would diminish the value of his Shape stock; or to inform him that the merger and subsequent sale of Shape stock entitled him to preemptive stock rights.

These transgressions, he claims, constituted fraud in connection with the sale of securities, in violation of the federal Securities Exchange Act, 15 U.S.C. § 78j. He claims that collectively they constitute a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962, 1964(c).

He claims that by representing to Maine's Secretary of State that Shape would purchase dissenters' stocks pursuant to Maine law, then offering to purchase Plaintiff's Shape stock without informing him of his statutory dissenter's rights and ultimately refusing to purchase his Shape stock, Defendants violated Maine's Blue Sky Law, 32 M.R.S.A. § 10605.

He claims that Defendants' knowing misrepresentation in corporate documents filed with Maine and Delaware state officials,

for summary judgment and disposed of as provided in Rule 56."

Both parties to this action have submitted affidavits and exhibits in support of their respective arguments on this motion. Therefore, pursuant to Rule 12(b), the Court recharacterizes Defendants' motion to dismiss as a motion for summary judgment, and addresses it under the standards set out in Rule 56.

3. Plaintiff, Paul Gelardi and Anthony Gelardi were each officers, directors and shareholders in DAP Tool & Mold, Inc. and Mold Precision

Technology (MPT), Maine moldmaking companies. In addition, the Gelardis were officers, directors and controlling shareholders in Shape. Plaintiff owned 56 shares of Shape.

4. Apex Engineering, Inc., a Massachusetts corporation; Midwest Engineering, Inc., a Minnesota corporation; and Nu–Tec Corporation, a Maine corporation.

5. 13–A M.R.S.A. § 909 entitles a shareholder who dissents from corporate action to be paid fair value for his shares.

when coupled with the omissions alleged above, constituted common law fraud, breached Defendants' fiduciary duties as officers of Shape, and violated Maine law proscribing improper filings.[6]

Finally, Plaintiff claims that Defendants Anthony and Paul Gelardi had agreed only to sell their DAP and MPT stock in a block with his own. Their transfer of stock to Shape, in exchange for Shape stock, he asserts, breached that contract.

Defendants have moved to dismiss Plaintiff's action, claiming that he has failed to allege fraud and civil RICO violations with the specificity required by Fed.R.Civ.P. 9(b), and claiming that the facts he alleges fail to make out a "pattern of racketeering activity" within the meaning of RICO.

### IV. Analysis

Federal Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The intent of the particularity requirement is to furnish defendants with adequate notice of the fraud claim against them, and to reduce the likelihood of spurious and unnecessarily damaging fraud claims. *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984).

When the complaint alleges fraudulent misrepresentation, it must specify the time, place and content of the alleged misrepresentation. *Wayne Investment*, 739 F.2d at 13. Where the circumstances of the misrepresentation are specified, it is sufficient under Rule 9 for plaintiff to plead generally that defendant's intent was fraudulent. *See McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980) (where plaintiff alleged that defendant car dealer represented car's mileage to be 25,600 when he knew it was 125,600, general averment of defendant's fraudulent intent sufficient).

Plaintiff here pleads fraud with enough specificity to satisfy Rule 9. He alleges that on August 30, 1985, Shape filed articles of incorporation, signed by Anthony Gelardi, certifying that its stockholders had unanimously approved the proposed merger. He alleges that he, a Shape stockholder, had not approved the merger. He alleges, finally, that Defendants *knew* he had not approved the merger when they filed documents with Maine's Secretary of State saying, in effect, that he had.

He alleges that on September 18, 1985, Shape filed with Delaware's Secretary of State a certificate of ownership and merger, signed by Anthony Gelardi, stating again that Shape's shareholders had unanimously approved the merger, when in fact he, a shareholder, had not. He has supplied the Court with copies of Shape stockholders' approval of the proposed merger, from which his signature is missing, and of Shape's filings with both states' secretaries of state.

He alleges, further, that Defendants intentionally failed to advise him of his statutory dissenter's rights, or of their agreement with Maine's Secretary of State to honor dissenters' rights, and thereby fraudulently omitted material information from their offer to purchase his Shape stock, mailed on November 6, 1986.

Finally, he alleges that on July 23, 1985, Defendants amended Shape's articles of incorporation to eliminate all statutory preemptive rights, without informing him or securing his consent. He has produced a copy of the amendment approval document, from which his signature is missing. He claims that by this amendment Defendants intentionally deprived him of preemptive rights to which he was statutorily entitled as a Shape stockholder.

Thus, he has specified the time, place and content of the alleged fraud. He has pleaded the circumstances of the fraud with enough detail that general averments of Defendants' fraudulent intent may be

---

6. 13–A M.R.S.A. § 1304(1) provides, in pertinent part: "any person who signs any document required or permitted to be delivered for filing with the Secretary of State by any corporation ... knowing that such document contains any untrue statements of a material fact ... shall be deemed to have committed a civil violation." 13–A M.R.S.A. § 1304(2) permits any person damaged by the improper filing to seek civil relief.

inferred. Finally, he has furnished Defendants with more than adequate notice of his claims against them, and the circumstances from which they arise. Thus, the fraud claims in Plaintiff's Complaint are sufficient, within the meaning of Rule 9, to survive dismissal.

 Defendants claim, in addition, that Plaintiff's civil RICO claims fail to satisfy Rule 9's specificity requirement,[7] and that Plaintiff has failed to allege a critical element of the civil RICO cause of action. Neither claim warrants dismissal of Plaintiff's action at this stage in the proceedings.

To make out a claim under RICO, Plaintiff must allege that Defendants have participated in a "pattern of racketeering activity," and used profits from that pattern of activity to establish or buy an interest in a company engaged in interstate commerce. 18 U.S.C.A. § 1962(a). To prove a "pattern of racketeering activity" includes *any offense* involving the sale of securities. 18 U.S.C. § 1961(1).

As outlined above, Plaintiff has alleged that on at least four occasions Defendants intentionally misrepresented or omitted material facts in documents mailed to him or filed with Maine and Delaware governments, to prevent him from learning of Shape's merger and from exercising his preemptive and dissenter's rights. He has alleged the dates on which the alleged unlawful activities took place, and the sale of securities to which they were related. He has thus alleged a RICO violation with sufficient specificity to satisfy Rule 9.

Defendants claim that Plaintiff has not made out a "pattern of racketeering activity" because the predicate acts he alleges were related to a single unlawful scheme. Citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), Defendants claim that a single fraudulent scheme, although implemented by several fraudulent acts, is insufficient to constitute a pattern under the statute.

As this court has previously ruled, however, *Sedima* established only that the two acts constituting a "pattern" must be related and not sporadic. *Sedima* did *not* hold that "one comprehensive criminal scheme, involving several related unlawful actions, would be insufficient." *United Fish Co. v. Barnes,* 627 F.Supp. 732, 735 (D.Me.1986) (finding that use on several occasions of false invoices, altered financial records, and money received from customers through fraud, all involving mail and telephone transactions, constituted "pattern" within meaning of RICO).

As the Court has discussed, Plaintiff has alleged at least four separate acts of fraud in connection with the purchase and sale of securities. The acts were not isolated; they were directly related to Shape's capitalization and reincorporation plan, which directly involved the purchase and sale of Shape stock and indirectly involved the purchase and sale of stock of five other companies. He has alleged that Defendants used the profits from these unlawful activities to maintain and increase their interest in Shape, a corporation engaged in interstate commerce.

The Court finds, for the purposes of this motion only, that Plaintiff has adequately alleged a "pattern of racketeering activity" within the meaning of RICO. *See Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902 (D.C.N.Y.1983) (allegations of at least two related acts of fraud by defendant in connection with the purchase and sale of securities can satisfy the "pattern" requirement). Therefore, Plaintiff's action should not be dismissed at this stage of the proceedings.

### V. Conclusion

Accordingly, the Court ORDERS that Defendants' Motion for Summary Judgment be, and it is hereby, DENIED.

---

**7.** This Court has held that Rule 9 applies to allegations of securities fraud under RICO. *See*

*United Fish Co. v. Barnes,* 627 F.Supp. 732, 733 (D.Me.1986).