McEVOY TRAVEL BUREAU,
INC., Plaintiff,

v.

HERITAGE TRAVEL, INC., Donald R.
Sohn and Norton Company,
Defendants.

Civ. A. No. 88–2645–S.

United States District Court,
D. Massachusetts.

Sept. 25, 1989.

Daniel F. Featherston, Jr., Daniel F. Featherston, Jr., P.C., Boston, Mass., for plaintiff.

Marcus E. Cohn, P.C., Peabody & Brown, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER OF THE COURT ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

This complaint arises out of the termination of a 1980 exclusive contract for McEvoy Travel Bureau, Inc. ("McEvoy") to provide all the travel arrangements for employees of defendant Norton Company ("Norton"). In March, 1983, Norton reopened bidding on the exclusive contract and replaced McEvoy with a competitor, Heritage Travel, Inc. ("Heritage"). McEvoy, now in bankruptcy, commenced an action in October, 1983 in Massachusetts Superior Court against Norton for wrongful termination of the contract claiming damages for breach of contract, deceit, and violation of M.G.L. c. 93A. The trial judge set aside a verdict for McEvoy for breach of contract but let stand a finding of deceit on condition that the verdict be reduced to $300,000. The trial judge then ruled that the defendant had violated M.G.L. c. 93A and doubled the damages. The resulting judgment for $600,000 is currently on appeal in the state court.

The plaintiff filed this action on December 2, 1988 under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1964, alleging that the president of Heritage, Donald R. Sohn ("Sohn"), Heritage, and Norton engaged in a pattern of racketeering activity, consisting of (1) the payment of allegedly illegal rebates on international airfare commissions to Norton; (2) the submission of an allegedly fraudulent contract to a regulatory association; and (3) the payment to Sohn of a $350,000 per year "kickback" from American Airlines. Defendants move to dismiss the complaint on the basis of collateral estoppel, res judicata, the applicable statute of limitations, and failure to state an actionable RICO claim.

*Allegations of the complaint.*

The plaintiff alleges that the agreement between Norton and Heritage provided for the payment by Heritage of the salaries of certain Norton employees who were to work in Heritage's "in-plant" offices and also under certain circumstances for the payment of rent to Norton for the space occupied by the "in-plant" offices. The purported consultant fee of $350,000 paid to Sohn is alleged to be a kick-back to Sohn to induce him to cause Heritage to use

**16**

American Airlines' computerized ticketing service for all of its airplane ticketing, including flights on other airlines. Plaintiff further alleges that Heritage was obliged to file a copy of its agreement with Norton with the Air Traffic Conference ("ARC") and the International Air Transport Association ("IATAN"), trade associations whose approval was necessary before the contract could become effective. According to the plaintiff, Heritage fraudulently filed a phony agreement which did not reveal the provision for the payment of salaries or rent, and never filed the actual agreements. All of these matters were accomplished through use of the mails and computerized data used for airline reservations and ticketing was transmitted over interstate telephone lines.

Plaintiff asserts that the contract provisions constitute a rebate prohibited by 49 U.S.C.App. §§ 1372, 1471 and 1472. Use of postal and wire services in connection with the fraudulent filing of the phony contract is said to constitute a violation of 18 U.S.C. §§ 1341 and 1343. These violations, presumably in combination with Norton's common law deceit and violation of M.G.L., c. 93A, supposedly constitute a "pattern of racketeering activity" through which the defendants conducted the affairs of an "enterprise," to wit, Heritage.

*Rulings of Law.*

18 U.S.C. § 1962(c) prohibits "any person" from conducting the affairs of an "enterprise" "through a pattern of racketeering activity." A "'pattern of racketeering activity' requires at least two acts of racketeering activity," 18 U.S.C. § 1961(5), but a single transaction is not converted into a pattern because it may involve multiple communications. Continuity and the threat of continuing activity is also a necessary element in the establishment of a pattern. *Roeder v. Alpha Industries, Inc.*, 814 F.2d 22 (1st Cir.1987). Neither an individual nor a corporation may be both a "person" and an "enterprise" at the same time. *Id.*, at p. 28. Neither violations of 49 U.S.C.App. §§ 1373, 1471 and 1472, nor common law deceit nor violation of M.G.L. c. 93A are

included in the definition of racketeering activity contained in 18 U.S.C. § 1961(1). The only wrongs alleged by the plaintiff which are included in that definition are violations of 18 U.S.C. §§ 1341 and 1343, mail fraud and wire fraud. There must be a causal connection between the predicate acts pleaded and the injury claimed by the plaintiff. *Pujol v. Shearson/American Exp., Inc.*, 829 F.2d 1201, 1206 (1st Cir. 1987); *Roeder, supra.*

Accordingly, on the basis of the foregoing, I conclude that the plaintiff has not set out a claim upon which relief can be granted under RICO, for the following reasons:

1. Even if the conduct of the defendants was in violation of 49 U.S.C.App. § 1373, which is extremely doubtful, such violation would not constitute a predicate act under 18 U.S.C. § 1961.

2. The only alleged predicate acts are mail fraud and wire fraud, but they are alleged only in connection with a single transaction, the securing of a contract with Norton, and no pattern is apparent from the allegations of the complaint.

3. The only "person" alleged to have committed a predicate act, namely Heritage, is also the alleged "enterprise" said to have been controlled.

The defendants' other grounds for dismissal need not be considered in view of the foregoing. There is one other ground for dismissal that was not raised by the defendants. Fed.R.Civ.P. 8 requires that a complaint contain a short and plain statement of the claim. The specious polemic filed by the plaintiff in this case does not comply with this rule. I base my dismissal of this action, however, solely on the failure to state a claim under RICO.

The motion to dismiss is allowed, and a judgment of dismissal shall enter forthwith.