**Harold GLIDDEN, Plaintiff,**

**v.**

**Wendell ATKINSON, Defendant.**

**Civ. No. 90–0196–B.**

United States District Court, D. Maine.

Oct. 24, 1990.

Harold Glidden, Thomaston, Me., pro se.

Diane Sleek, Asst. Atty. Gen., Augusta, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This case comes to the Court on Defendant Wendell Atkinson's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Motion is granted.

### I. BACKGROUND

Harold Glidden (hereinafter Plaintiff), a prisoner at the Maine State Prison (hereinafter Prison), was a participant in the Prison's craftroom program. Apparently, the program allows prisoners to produce items which are then sold in the Prison's showroom. The proceeds of those sales go to

the prisoner. Defendant Wendell Atkinson supervised the Prison's craftroom.

Plaintiff alleges that Defendant filed an incident report on March 6, 1990 charging Plaintiff with the willful destruction of property and possession of contraband. Plaintiff admits that he was adjudged guilty of these charges by the Prison's disciplinary board on April 4, 1990; however, Plaintiff alleges that a second unnamed inmate who was also found in possession of contraband went unpunished.

The heart of Plaintiff's claim is his allegation that Defendant met with the Prison's warden on May 23, 1990 in an effort to have Plaintiff suspended from the craftroom program. The warden later suspended Plaintiff for six months. Plaintiff alleges that on June 20, 1990, the chairman of the Craftroom Review Board promised that Plaintiff could continue in the craftroom program if no other incident reports had been filed against him in the last year. Even though no other incident reports could be found, the Board met on June 21, 1990 and assented to the warden's decision to suspend Plaintiff for six months.

The Complaint claims that Defendant's meeting with the warden and Plaintiff's resulting suspension constitute a deprivation of due process and a violation of Plaintiff's equal protection rights under the Fourteenth Amendment to the United States Constitution. Plaintiff seeks a declaratory judgment along with compensatory and punitive damages consistent with the civil rights action provided by 42 U.S.C. section 1983. Defendant responds with this Motion to Dismiss and argues that the Complaint fails to state a claim upon which relief may be granted.

## II. MOTION TO DISMISS

 A motion to dismiss under Rule 12(b)(6) tests the formal sufficiency of a plaintiff's pleadings and therefore must be considered in light of the liberal notice pleading requirements of the Federal Rules of Civil Procedure. *Mladen v. Gunty,* 655 F.Supp. 455, 457 (D.Me.1987). In addition, plaintiffs proceeding *pro se* are entitled to special latitude in the construction of their pleadings. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980). *Simmons v. Dickhaut,* 804 F.2d 182, 184 (1st Cir.1986). In sum, this Court must pay particular heed in this instance to the mandate that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The Court is directed to accept all of the plaintiff's allegations as true and grant the plaintiff a beneficial interpretation of all facts contained in the complaint. *See Miree v. De Kalb County,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Plaintiff herein asserts two claims: (1) a violation of due process rights; and (2) a violation of equal protection rights. The Court must therefore scrutinize the Complaint to assess whether any set of facts could be gleaned from the allegations of the Complaint which might support either of those claims.

## III. DUE PROCESS

The Fourteenth Amendment's due process guarantees protect Plaintiff from the deprivation of his liberty or property without constitutionally sufficient procedural precautions. Protected property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Defendant implies in its argument that there exists a *per se* rule that prison employment does not constitute a property interest protected by the due process clause. Some courts outside this circuit have found that "[a]n inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause." *Gibson v. McEvers,* 631 F.2d 95,

98 (7th Cir.1980). *See also Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); *Bryan v. Werner*, 516 F.2d 233, 240 (3rd Cir.1975); *Gatson v. Coughlin*, 679 F.Supp. 270, 272 (W.D.N.Y. 1988).

█ The Court of Appeals for the First Circuit, however, has refused to paint with such a broad brush. Being careful to remain within the lines sketched by *Roth*, the First Circuit held that prisoners do not have a vested property interest in obtaining or maintaining prison jobs, *"unless* state laws or regulations are to the contrary." *Dupont v. Saunders*, 800 F.2d 8, 10 (1st Cir.1986) (emphasis added). As a result, Plaintiff may make out a claim that he was deprived of due process only by providing the Court with some legal or regulatory authority supporting his purported entitlement to participate in the craftroom program.[1]

Even giving the widest possible reading to the Complaint, the Court is satisfied that Plaintiff has neither alleged nor suggested that any such authority exists, or even provided the Court with a basis for drawing an inference that such authority exists.[2] Thus, the Complaint does not state a constitutional due process claim upon which this Court may grant relief.

## IV. EQUAL PROTECTION

█ This Motion requires the Court to surmise whether *any* state of facts could support the Plaintiff's claim that his constitutional guarantee to equal protection of the laws has been violated. However, Plaintiff must support his civil rights claims with more than subjective characterizations and conclusory statements. Plaintiff must plead minimal facts which permit a reasonable inference of discrimination by Defendant. *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 18 (1st Cir. 1989) (citing *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982)).

█ The only allegations in the Complaint[3] which might suggest an equal protection claim are Plaintiff's assertions that a second, unnamed prisoner, who was also found with contraband, did not suffer punishment as severe as that meted out to Plaintiff. Plaintiff claims that this alleged fact indicates personal prejudice against him on the part of the Defendant. But the alleged disparate punishments could be explained in countless equally plausible ways. Further, the Defendant was merely one part of a multi-level prison disciplinary process which produced the alleged punishments. The Complaint neither compels nor inspires the Court to accept Plaintiff's explanation. In sum, the Complaint simply does not allege facts sufficient to permit the Court to draw the conclusion offered by Plaintiff that his treatment at the hands of Defendant offended the equal protection clause of the Fourteenth Amendment.

Accordingly, Defendant's Motion to Dismiss is hereby GRANTED.

SO ORDERED.

1. The Complaint does not make clear whether Plaintiff's activities in the craftroom constitute prison employment or self-employment within the confines of the prison. This is a factual distinction effecting no legal difference. The Court of Appeals for the First Circuit held in *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir.), *cert. denied*, 446 U.S. 942, 100 S.Ct. 2167, 64 L.Ed.2d 797 (1980), that there is "no basis for concluding that a prisoner retains an unrestricted right under the fourteenth amendment to operate a business."

2. The alleged promise by the chairman of the Craftroom Review Board does not provide a sufficient grounds for establishing that Plaintiff was entitled to unfettered continuation of his participation in the craftroom. Plaintiff's allegations make clear that the chairman's promise did not have the effect of state law or prison regulations.

3. Plaintiff filed a Complaint and, in an exercise of his rights under Federal Rule of Civil Procedure 15(a), an Amended Complaint. The Amended Complaint offers no allegations bearing on the equal protection claim. However, the original Complaint included the general allegations discussed herein. The Court, cognizant of Plaintiff's *pro se* status, will consider the original Complaint and the Amended Complaint together for the purposes of this Motion.