**Lester BAILEY, et al., Plaintiffs,**

**v.**

**LINSCO/PRIVATE LEDGER CORP.,**
**Todd E. Fenstermacher, and**
**Roderick A. Robinson, Defendants.**

Civ. No. 90–0233–P.

United States District Court,
D. Maine.

March 25, 1991.

Thomas H. Allen, Melissa A. Hewey, Portland, Me., for plaintiffs.

Vincent Amoroso, Boston, Mass., John Lambert, Portland, Me., for defendants.

MEMORANDUM OF DECISION AND ORDER REJECTING THE RECOMMENDED DECISION OF THE UNITED STATES MAGISTRATE JUDGE

GENE CARTER, Chief Judge.

Plaintiffs bring this securities and common law fraud action against a securities broker and two of its employees. Plaintiffs allege that over a two-year period, Defendants fraudulently induced them to purchase securities by making material misrepresentations, and that as a result they sustained damages. Plaintiffs claim that Defendants' conduct constitutes violations of federal and state securities laws and the Racketeer and Corrupt Organizations Act (RICO), as well as several state-law torts.

On November 9, 1990 Defendants moved to dismiss the complaint, arguing that it fails to plead fraud with particularity and thus runs afoul of the requirements of Federal Rule of Civil Procedure 9(b). In a recommended decision the United States Magistrate Judge concluded that the complaint pleads fraud with sufficient particularity to satisfy Rule 9(b). This Court, after *de novo* review, disagrees.

## I. *Background*

The complaint makes the following allegations. Plaintiffs are twelve residents of Franklin or Oxford Counties, Maine.[1] Sometime between October 1988 and October 2, 1990 (the filing date of the complaint), Defendants Fenstermacher and Robinson approached Plaintiffs, whom Defendants knew were unsophisticated and unschooled in financial affairs, and represented themselves to be investment advisors. Defendants persuaded Plaintiffs to liquidate their conservative investments and transfer the funds thus gained to various limited partnership and tax shelter programs (collectively referred to as the "limited partnerships.")[2]. The limited partnerships are "securities" within the meaning of 15 U.S.C. § 78c(a)(10), but they are more risky investment vehicles than Plaintiffs' previous investments. Defendants made material misrepresentations and failed to inform Plaintiffs of material information concerning the limited partnerships, including, without limitation, the following:

(1) [Defendants] orally represented that the Limited Partnership interests would earn from 14 to 17% per year for Plaintiffs over the life of their investment;

(2) [Defendants] gave to Plaintiffs handwritten projection sheets showing annual returns of 14 to 17%;

(3) [Defendants] represented that other comparable limited partnerships were earning very high annual returns and that the Limited Partnership interests could be expected to do as well;

(4) [Defendants] represented that the Limited Partnership interests would pro-

1. Plaintiffs seek to prosecute their suit as a class action. Plaintiffs have not yet filed a motion for certification of the class, but the complaint identifies the putative class as
    all persons who purchased interests in limited partnerships and/or tax shelters through defendants during the period from October 1, 1988 through July 30, 1990, and who suffered a loss thereby. Specifically excluded from the Class are Linsco and any of its affiliates, defendants Fenstermacher and Robinson and members of their immediate families, and any entity in which any excluded person has a controlling interest.

2. The complaint furnishes a nonexclusive list of eleven securities allegedly purchased by Plaintiffs. The complaint does not specify when or by whom each security was purchased.

vide a greater annual return than Plaintiffs' existing IRA investments;

(5) [Defendants] represented that the U.S. Government backed many of the Limited Partnership interests as it did banks and credit unions and that there were few risks in investing in the Limited Partnership interests;

(6) [Defendants] represented that Plaintiffs needed to act quickly or the opportunity to invest in the Limited Partnerships would be lost;

(7) [Defendants] represented that the Delchester High Yield Bond Fund was a quality bond fund, not a junk bond fund;

(8) [Defendants] represented that the Limited Partnerships were suitable investments for Plaintiffs' IRA accounts, and were suitable for their investment objectives generally.

Complaint, ¶ 26.

Defendants also failed to disclose: that the limited partnerships were highly speculative; that no public market existed or was likely to develop for the limited partnerships; that Plaintiffs would not be able to readily sell their limited partnerships; that the limited partnerships were not suitable investments for Plaintiffs; and that the "load" associated with the limited partnerships was so high that it would be difficult if not impossible for the limited partnerships to be financially successful. *See* Complaint, ¶ 27.

Plaintiffs purchased interests in the limited partnerships in reliance on Defendants' misrepresentations and material omissions, and Defendants thereby earned valuable commissions. The limited partnerships did not perform as projected by Defendants and, in fact, have lost value since they were purchased by Plaintiffs. Moreover, Plaintiffs have been unable to liquidate their investments because there is no market for the limited partnerships.

## II. *Discussion*

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R.Civ.P. 8(a)(2). The simplicity and flexibility contemplated by this rule is, however, subject to special pleading requirements in certain types of cases, including cases involving claims of fraud. *See* Fed.R.Civ.P. 9(b). A fraud complainant must allege the circumstances constituting the fraud with specificity. *See* Fed.R.Civ.P. 9(b).[3] This special pleading rule, referred to as the "particularity requirement," promotes several interests. It serves: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir.1987) (citations omitted); *see also In re The One Bancorp Securities Litigation*, 135 F.R.D. 9 (D.Me.1991).

The particularity requirement of Rule 9(b) does not completely trump the goals of conciseness and simplicity embodied in Federal Rule of Civil Procedure 8. When an alleged fraud is accomplished through the making of a false representation, the Court of Appeals for the First Circuit strikes the balance between Rules 8 and 9 by requiring that the pleader state "the time, place, and content of [the] alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984) (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980)). "This interpretation harmonizes Rule 9 with Rule 8; evidence and detailed facts are not required where allegations of fraud set forth the specific basis for the claim." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985).

Plaintiffs are correct in asserting that Rule 9(b) does not require them to

---

**3.** Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

plead evidentiary details sufficient to *prove* their claim of fraud. However, in the case of an alleged false representation, it is clear that Rule 9(b) requires the pleading to contain *some* factual detail, *i.e.* the time, place, and content of the alleged misrepresentation. *See Wayne,* 739 F.2d at 13.[4]

■■■ The question presented here is just how specific must Plaintiffs' complaint be in setting forth these elements? The Court concludes that it falls short of Rule 9(b)'s requirements. The complaint alleges that Defendants carried out a fraudulent scheme "from October 1988 to the [October 2, 1990 filing date of the complaint]."[5] As part of the alleged scheme, at least twelve separate Plaintiffs were induced by Defendants' material misrepresentations and omissions to purchase some combination of at least eleven securities. *See* Complaint ¶ 24. The allegedly fraudulent statements were apparently made at times by Defendant Fenstermacher and at other times by both Fenstermacher and Defendant Robinson.[6] Although the complaint specifies the collective content of a number of alleged misrepresentations, and alleges facts which, if proved, would support a finding that *some* of those statements were false or misleading, it does not state with the requisite specificity when or where the alleged misrepresentations were made. The complaint also fails to delineate with specificity the role each Defendant played in the alleged fraud and thus fails to put each Defendant on notice of the precise misconduct with which he is charged. Moreover, it is not clear that all of the alleged misrepresentations were made to each Plaintiff. For example, the complaint alleges that Defendants "[falsely] represented that the Delchester High Yield Bond Fund was a quality bond fund, not a junk bond fund." The complaint does not specify whether this misrepresentation was made to each Plaintiff; moreover, the Court cannot even infer that it was because the complaint does not specify which securities were purchased by each Plaintiff.[7] It is unlikely that such a misrepresentation was made to a Plaintiff who did not in fact purchase that type of security, and even if it were, it is difficult to see how it would be relevant

---

**4.** The rule also requires the complaint to set forth allegations which show that fraud has actually been committed. In the case of an alleged false representation, it must appear from the complaint that the alleged statements are false or misleading. *See In re The One Bancorp Securities Litigation,* at 13.

**5.** The significance of the October 1988 date appears to be that it was at that time that Defendant Fenstermacher moved to Rumford, Maine and began holding himself out as an investment advisor. Complaint, ¶ 21. The complaint does not allege that the misrepresentations commenced at that time, although one could infer that that is the earliest date at which they did.

**6.** The complaint alleges that Defendant Fenstermacher "approached Plaintiffs, sometimes alone and sometimes in the company of Robinson . . . and together they persuaded Plaintiffs to accept investment advice from them. . . . Specifically, Fenstermacher and Robinson persuaded Plaintiffs to liquidate their existing conservative investments in order to purchase interests in various limited partnerships and tax shelter programs. . . ." ¶ 22.

**7.** In his recommended decision on Defendant's motion to dismiss, the Magistrate Judge on several occasions held that the complaint met the "time, place, and content" formulation after "construing the pleadings in the light most favorable to Plaintiffs." *See* Recommended Decision at 6, 9. That standard of review is appropriate when ruling on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Fleet Credit Corp. v. Sion,* 893 F.2d 441, 444 (1st Cir.1990); *Gott v. Simpson,* 745 F.Supp. 765, 771 (D.Me. 1990). For example, this Court in *Gott* first examined a complaint to determine which factual averments contained therein met the particularity requirement of Rule 9(b); the Court then examined the allegations which did meet Rule 9(b) to determine whether they stated a claim, employing the deferential standard applicable to motions under Rule 12(b)(6).

Defendants in this case move to dismiss the complaint solely on the grounds that it fails to meet Rule 9(b). The Court, of course, takes material allegations as true; however, construing the allegations in the light most favorable to Plaintiffs may undermine the degree of specificity required by Rule 9(b). Under Rule 9(b) the Court must measure the detail contained in the pleading to determine if the circumstances constituting fraud have been alleged with specificity. To the extent the Magistrate Judge recommended that the Court infer from the complaint elements of specificity required by Rule 9(b) where none actually exist, the Court rejects his reasoning.

to that Plaintiff's claim if he did not ultimately purchase the security.

Our Court of Appeals has consistently required strict compliance with Rule 9(b).[8] If Plaintiffs had pleaded the alleged fraud with the requisite specificity, it might well have appeared that the complaint failed to state claims on behalf of as at least some of the Plaintiffs. Defendants are entitled to greater notice of the precise allegations of fraud with which they are charged, both to enable them to make meaningful responses and to ensure that the charges are not frivolous.[9]

In sum, Plaintiffs' complaint alleges that at least twelve plaintiffs were induced, by some combination of at least twelve different misrepresentations or omissions, to purchase some combination of eleven securities sometime during a two-year period. These allegations fail to allege fraud with enough specificity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.[10] In light of the liberal amendment policy applicable in federal courts, the Court will grant Plaintiffs leave to amend their complaint to cure the deficiencies identified herein.

Accordingly, the Recommended Decision of the Magistrate Judge is REJECTED. The Court reserves ruling on Defendants' Motion to Dismiss and grants Plaintiffs leave to submit, within twenty (20) days of the date of this order, an amended complaint to correct the deficiencies identified in this Memorandum of Decision, in default of which amendment the motion of the

---

**8.** The parties discuss at some length in their legal memoranda whether Rule 9(b) should be applied more rigorously in the securities fraud context than in cases of general fraud. Defendants seek a greater degree of specificity based on statements in *Wayne Investment v. Gulf Oil Corp.*, 739 F.2d at 13, and *New England Data Services, Inc. v. Becher*, 829 F.2d at 288. In those cases, the Court of Appeals for the First Circuit noted that in the context of securities fraud, strict application of Rule 9(b) serves to prevent "strike suits."

It appears to this Court that our Court of Appeals has taken a strict approach to Rule 9(b) across the spectrum of possible fraud claims (with the exception of pleading predicate acts of mail and wire fraud in the context of an action under the RICO). The statements in *Becher* and *Wayne* concerning securities fraud merely illustrate that Rule 9(b) must always be applied in light of its purposes. In the context of securities litigation, where there exists a heightened risk of strike suits, courts should be alert to the possibility of frivolous claims and should apply Rule 9(b) accordingly. This is not to say, however, that the rule should be applied more loosely in other contexts. Whether a given complaint satisfies the particularity requirement is a fact-specific determination, and courts must be guided in their Rule 9(b) inquiries by the purposes behind the rule.

**9.** The Court notes that requiring Plaintiffs to be more specific in their allegations of fraud is not particularly onerous here. This is not a case where the information is peculiarly within the possession of Defendants, as is the case with, for example, corporate fraud or mail and wire fraud. Presumably, Plaintiffs are in possession of the relevant information: when they purchased the securities; what representations were made to them; when, where and by whom those representations were made; what form the representations took (*e.g.* oral or written); and in what manner the representations were false or misleading.

**10.** In arguing that their complaint meets the particularity requirement of Rule 9(b), Plaintiffs rely on *United Fish Co. v. Barnes*, 627 F.Supp. 732 (D.Me.1986). This Court held in *Barnes* that the complaint involved there alleged fraud with sufficient particularity in that it alleged "the time period during which the allegedly fraudulent transactions took place" and "a time period during which [the defendant] wrote [unauthorized] checks on [the plaintiff's] accounts to himself and to accounts controlled by him and the other Defendants." 627 F.Supp. at 734. On the alleged facts in *Barnes* the definitive footprint of each of the fraudulent acts alleged in the complaint was the writing of an unauthorized check transferring monies from a neutral account to the defendants' account. Thus, in that the defendants had access to the checking records of the pertinent accounts, identification of the time period during which the plaintiffs alleged the unauthorized checks were written permitted the defendants to specifically identify each alleged fraudulent act.

Two cases decided subsequent to *Barnes* illustrate that the Court of Appeals for the First Circuit requires more of a complaint than a general statement of the general time frame during which alleged fraudulent representations were made, even when the information concerning the fraud is in the possession of the defendant. *See Fleet Credit v. Sion*, 893 F.2d 441 (1st Cir.1990) (complaint which asserted that during the period 1978–85, defendants committed multiple violations of the mail fraud statute not particular enough except with reference to those mailings identified by date and parties); *New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir.1987).

Defendants will be granted and the complaint dismissed.

So ORDERED.

