Arthur E. **CUTLER**, Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,** Defendants.

Civ. No. 91–0073–P–C.

United States District Court, D. Maine.

Jan. 10, 1992.

See also 782 F.Supp. 9.

Arthur E. Cutler, Cape Elizabeth, Me., for plaintiff.

Andrew M. Horton, Verrill & Dana, Portland, Me., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT

GENE CARTER, Chief Judge.

Defendants The One Bancorp (hereinafter "Bancorp"), and Bancorp officers, Vincent E. Furey, Jr., Richard Roe and John Doe,[1] have moved to dismiss Count V of Plaintiff's Second Amended Complaint (hereinafter "Complaint"), which alleges violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. § 1962, by Defendants. For the reasons that follow, the Court will grant the motion to dismiss Count V under Rule 12(b)(6) on the basis of Plaintiff's failure to state a RICO claim.

### I. *Background*

This civil action arose out of an alleged breach of contract by Maine Savings Bank (hereinafter "MSB") to sell Plaintiff Arthur E. Cutler an undeveloped lot (hereinafter "Lot 17") upon which he was high bidder at a bank foreclosure auction held on November 18, 1990. According to Plaintiff, he bid $36,000 at the auction. Following the auction, Plaintiff signed a Purchase and Sale Agreement with MSB and submitted a deposit of $5,000 for Lot 17, which was allegedly subject to "secret agreements" between MSB and third parties that imposed restrictions on Plaintiff's uses of the property.[2]

When MSB refused to convey the property pursuant to a "Quit–Claim Deed Without Covenant," as requested by Plaintiff, and withheld his $5,000 deposit, Plaintiff filed the present action,[3] seeking injunctive relief, punitive and actual damages for fraud, specific performance and breach of contract, and treble damages for a RICO violation.

This Order addresses only Count V (¶¶ 56–96) of Plaintiff's Complaint, which

---

**1.** Defendant Federal Deposit Insurance Corporation (hereinafter "FDIC") was not part of this motion.

**2.** Plaintiff's Complaint states:
By letter dated November 30, 1990, MSB informed Plaintiff that it would only deliver a deed which contained restrictions that were both applicable and inapplicable to MSB. MSB went on to state that "If you are unable or unwilling to close on that basis, you will forfeit your $5,000 deposit."
Complaint, ¶ 10.
On December 3, 1990, MSB through its attorney informed Plaintiff that it would, arbitrarily, be willing to remove some of the restric-

tive language that it proposed to include in its deed, but that prior to the auction it had entered into undisclosed negotiations with the "homeowners association" and had agreed or made some secret commitment to bind all deeds that convey a real property interest in the [property] ...
Complaint, ¶ 11.

**3.** Plaintiff's initial complaint was filed in the Superior Court for the State of Maine on December 14, 1990. On February 1, 1991, Defendant, MSB, was declared to be insolvent and the FDIC became Receiver for MSB. On March 1, 1991, the matter was removed to this Court.

alleges the RICO violation under 18 U.S.C. § 1962.

## II. *Discussion*

### A. Rule 9(b) Particularity Requirement

█ Pleading under the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R.Civ.P. 8(a)(2). Under Rule 9(b), however, the complainant alleging fraud "must allege the circumstances constituting the fraud with specificity." [4] *Bailey v. Linsco/Private Ledger Corp.*, 136 F.R.D. 11, 13 (D.Me.1991). *See also In re One Bancorp Securities Litigation*, 135 F.R.D. 9, 12 (D.Me.1991).

The Court of Appeals for the First Circuit, as well as this Court, has insisted on strict compliance with Rule 9(b). *See, e.g., Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir.1991); *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir.1987); *Bailey*, 136 F.R.D. at 13; *In Re One Bancorp Securities Litigation*, 135 F.R.D. at 12; *Gott v. Simpson*, 745 F.Supp. 765, 769 (D.Me.1990). Rule 9(b)'s "particularity requirement" promotes several interests. It serves: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *Bailey*, 136 F.R.D. at 13 (quoting *Becher*, 829 F.2d at 289 (citations omitted)).

Rule 9(b) applies to civil RICO claims, including those based on mail and wire fraud. *See, e.g., Fleet Credit Corp. v. Sion*, 893 F.2d 441, 445 (1st Cir.1990); *Becher*, 829 F.2d at 289; *Philippe v. Shape, Inc.*, 688 F.Supp. 783, 787 (D.Me. 1988); *Gott*, 745 F.Supp. at 769; *United Fish Co. v. Barnes*, 627 F.Supp. 732, 733

(D.Me.1986). The degree of specificity required in pleading RICO mail and wire fraud "is no more nor less than [is] required in general fraud and securities fraud cases." *Becher*, 829 F.2d at 290 (citations omitted); *see also Gott*, 745 F.Supp. at 770. Thus, the complaint must specify "the *time, place and content* of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984) (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980)) (emphasis added); *see also Philippe*, 688 F.Supp. at 786.[5] The First Circuit "requires more of a complaint than a general statement of the general time frame during which alleged fraudulent representations were made, even when the information concerning the fraud is in the possession of the defendant." *Bailey*, 136 F.R.D. at 15 (citing *Fleet Credit Corp. v. Sion*, 893 F.2d 441 (1st Cir.1990) (complaint which asserted that during the period 1978–85, defendants committed multiple violations of the mail fraud statute not particular enough except with reference to those mailings identified by date and parties); *New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir.1987)).

Here, Count V of Plaintiff's Complaint fails to satisfy the particularity requirement under Rule 9(b). *Cf. Philippe*, 688 F.Supp. at 786–87 ("[Plaintiff] has specified the time, place and content of the alleged fraud. He has pleaded the circumstances of the fraud with enough detail that general averments of Defendants' fraudulent intent may be inferred."); *United Fish Co.*, 627 F.Supp. at 734 ("The Amended Complaint alleges the role of the Defendants, the method of the scheme, and the time frame of the process with particularity sufficient to comply with the requirements of

---

4. Rule 9(b) provides:
   In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

5. "Where the circumstances of the misrepresentation are specified, it is sufficient under Rule 9 for plaintiff to plead generally that defendant's intent was fraudulent." *Philippe*, 688 F.Supp. at 786.

Rule 9(b)."). The Complaint alleges, among other things, that:

Defendants, for the purposes of executing the aforesaid scheme to defraud the Plaintiff and others of property, Defendants transmitted and caused to be transmitted communications by means of the mail on numerous occasions.

Complaint, ¶ 93.

The Defendant, OBC, for the purposes of executing the aforesaid scheme to defraud the Plaintiff and others of property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.

Complaint, ¶ 94.

Plaintiff concludes that "[t]he use of the mails for purposes effectuating the aforesaid scheme to defraud the Plaintiff ... or the transmission of interstate communications by wire or telephone ... constitutes ... a pattern of racketeering activity in violation of 18 USC section 1962." Complaint, ¶ 96.

Plaintiff fails, however, to provide the requisite "time, place, and content" of these alleged mail and wire communications. His allegations under Count V in this regard are wholly conclusory and, therefore, they fail to meet the particularity requirement of Rule 9(b).

## B. RICO

■ Upon a finding that Rule 9(b) is not satisfied, however, dismissal of the complaint is not automatic. *See Becher*, 829 F.2d at 290.[6] As the First Circuit has noted:

In an appropriate case, where, for example, the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant, the court should make a *second* determination as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint.

*Becher*, 829 F.2d at 290. In that case, the First Circuit noted that:

Where there are multiple defendants, as here, and where the plaintiff was not directly involved in the alleged transaction, the burden on the plaintiff to know exactly when the defendants called each other or corresponded with each other, and the contents thereof, is not realistic. Plaintiff here provided an outline of the general scheme to defraud and established an inference that the mail or wires was used to transact this scheme; requiring plaintiff to plead the time, place and contents of communications between the defendants, without allowing some discovery, in addition to interrogatories, seems unreasonable.

*Id.* at 291. Both the First Circuit and this Court, however, do not automatically allow discovery and subsequent amendment where RICO claims fail to satisfy Rule 9(b). *See, e.g., Arzuaga–Collazo v. Oriental Federal Savings Bank*, 913 F.2d 5, 6–7 (1st Cir.1990); *Gott*, 745 F.Supp. at 770. In *Gott*, this Court found it "inappropriate to allow Plaintiffs to proceed with discovery in an attempt to flesh out their conclusory allegations of fraud."[7] 745 F.Supp. at 770. In *Arzuaga–Collazo*, the First Circuit noted that the complaint read "as if it is charging a breach of contract or a violation

---

**6.** In *Becher*, the court held that the RICO complaint did not satisfy Rule 9(b)'s particularity requirement where "plaintiffs have merely stated conclusory allegations of mail and wire fraud ... with no description of any time, place or content of the communication." 829 F.2d at 292.

**7.** This Court further noted that:

Plaintiffs' amended complaint does not outline the general contours of a fraudulent scheme, merely omitting the dates, time and locations of the alleged mail and wire fraud.

On the contrary, Plaintiffs have not named the victims of these alleged frauds, nor have they provided the vaguest description of the subject matter concerning them. The Court is mindful of the policies in favor of amendments and trying cases on the merits, and against dismissals which would deny plaintiffs their day in court, but where, as here, the fraud allegations are so deficient, the purposes of Rule 9(b) ... outweigh the competing policies in favor of allowance of discovery.

*Gott*, 745 F.Supp. at 770.

of a consumer protection law, not racketeering." 913 F.2d at 6. The court further noted that "[t]he plaintiffs apparently believe they can find the necessary 'racketeering' activity in acts of 'fraud.' But the complaint does not allege any 'fraud' with specificity."[8] *Id.*

Here, Count V of Plaintiff's Complaint reads like a rehashing of Plaintiff's fraud claim under Count II. Similar to the plaintiff in *Arzuaga–Collazo*, Plaintiff here seems to believe that he "can find the necessary 'racketeering' activity in acts of 'fraud.'" Plaintiff, however, fails to identify the necessary racketeering activity other than his conclusory references to mail and wire fraud. Similar to the First Circuit's conclusion in *Fleet Credit Corp.*, 893 F.2d at 445, Plaintiff's "failure to elaborate more fully upon the use of the mails seems to reflect an erroneous belief that other alleged acts of common law fraud were predicate acts irrespective of whether the mails were used." *Id.* at 445. Even if this Court were to construe liberally Plaintiff's conclusory references to mail and wire fraud in his Complaint as constituting the "predicate acts" under RICO, however,

Plaintiff does not have standing under RICO because of his failure to demonstrate that he "has been injured in his business or property by the conduct constituting the violation." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).[9]

There are two requirements for standing under RICO: "(1) a plaintiff must show that there has been a violation of § 1962, and (2) he must show that his injury was caused by the violation." *Pujol v. Shearson/American Express, Inc.*, 829 F.2d 1201, 1205 (1st Cir.1987).[10] *See also McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 721 F.Supp. 15, 16 (D.Mass.1989) ("There must be a causal connection between the predicate acts pleaded and the injury claimed by the plaintiff."). Even if the Court were to presume that Plaintiff has shown a RICO violation under section 1962[11], it finds that Plaintiff does not have standing under RICO because he fails to show how his alleged injury of fraudulent inducement to bid on property subject to alleged secret agreements was caused by the "predicate acts" of mail or wire fraud.[12]

---

**8.** The court further noted that the complaint failed to "show two or more specific fraudulent acts so related that they might constitute a '*pattern*' of racketeering;" "to make clear how the alleged 'racketeering' acts ... injured the plaintiffs' business or property;" and "to meet one necessary legal condition for a RICO claim, the condition concerning conduct of an 'enterprise.'" *Id.* at 7. The court concluded that:

> Given these difficulties with the complaint, particularly its lack of clarity, along with the plaintiffs' failure to describe to the court how they proposed to remedy the obviously fatal legal difficulty concerning the "enterprise," we are certain that the court acted lawfully in not permitting plaintiffs to amend the complaint.

*Id.*

**9.** The First Circuit has interpreted *Sedima* as establishing "a broad standard for determining when a person is injured 'by reason of' a section 1962 violation: the inquiry in [sic] not whether the plaintiff·has alleged a direct or indirect injury, but rather whether he has alleged an injury that 'flows from' the predicate acts." *Bass v. Campagnone*, 838 F.2d 10, 12 (1st Cir. 1988) (citing *Roeder v. Alpha Industries, Inc.*, 814 F.2d 22, 29 (1st Cir.1987) (other citations omitted)).

**10.** The United States Supreme Court earlier explained the standing requirement implied by the RICO statute:

> If the defendant engages in a pattern of racketeering activity in a manner forbidden by [§ 1962], and the racketeering activities injure the plaintiff in his business or his property, the plaintiff has a claim under § 1964(c) ... [T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.

*Sedima,* 473 U.S. at 495–96, 105 S.Ct. at 3284–85.

**11.** Section 1962 is comprised of four different substantive subsections. Plaintiff has failed to identify which subsection(s) Defendants allegedly violated.

**12.** The Court agrees with Defendants' assertion that "the Complaint raises a question as to how the Plaintiff claims to have been harmed. He claims that he was fraudulently induced to bid on a lot, Complaint ¶ 33, and yet he seeks specific performance of the resulting contract." Memorandum of Defendants The One Bancorp, Furey, Roe and Doe in Support of Motion to Dismiss Count V of Second Amended Complaint (hereinafter "Defendants' Memorandum") at 6 n. 2.

Plaintiff has not established that his alleged injury flowed from the predicate acts of mail and wire fraud. As noted by Defendants:

> There is no allegation that Defendants used the mails or the telephone in concealing the alleged secret agreements, or any allegation that such concealment affects interstate commerce. Since plaintiff's alleged injury does not arise from a predicate act, no RICO action lies.

Defendants' Memorandum at 6–7. The Court agrees. The Court finds that Plaintiff has failed to state a RICO claim under Count V of its Complaint.[13]

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss Count V of Plaintiff's Second Amended Complaint be, and it is hereby, GRANTED, and Count V is hereby DISMISSED.[14]

---

**13.** The Court need not address whether Plaintiff establishes other elements of his RICO claim, including a "pattern of racketeering activity," and a distinction between "persons" and the "enterprise" separately under sections 1962(b) or 1962(c) (presuming that either of these sections applied in this case). Moreover, the Court need not address Defendants' argument that the "pattern" requirement is unconstitutional as applied to the facts of this case.

The Court notes, however, that even if the aforementioned elements were at issue here, the Court would likely find that Plaintiff also failed to establish those elements. Plaintiff's allegation of a "pattern of racketeering activity" appears to fail to meet the standard of "continuity plus relationship" employed by the Supreme Court in defining such a pattern. *See H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239–43, 109 S.Ct. 2893, 2900–03, 106 L.Ed.2d 195 (1989). Similarly, Plaintiff appears to fail to distinguish between the "person" allegedly liable for the racketeering acts and the "enterprise" whose operations conducted such acts, as required by the First Circuit. *See Arzuaga–Collazo*, 913 F.2d at 6.

In short, Plaintiff not only lacks standing under RICO but he appears to fall short of establishing other elements of his RICO claim.

**14.** As this Court has noted, "[a] motion to dismiss under Rule 12(b)(6) tests the formal sufficiency of a plaintiff's pleadings and therefore must be considered in light of the liberal notice pleading requirements of the Federal Rules of Civil Procedure." *Glidden v. Atkinson*, 750 F.Supp. 25, 26 (D.Me.1990). The Court further recognizes that plaintiffs proceeding *pro se* are entitled to special latitude in the construction of their pleadings. *See id.* Here, the Court finds that, in light of several factors, including the fact that Plaintiff is an attorney (the Court reaches this conclusion because it was asserted in the pleadings, *see* Defendants' Memorandum at 18, and has not otherwise been denied by Plaintiff); Count V is wholly deficient in alleging a RICO claim; and the Complaint itself has not been dismissed, dismissal of the RICO count is appropriate.

As a sidenote, although Rule 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...," Rule 15(a) is inapplicable here because Plaintiff has already twice amended his Complaint and Defendants have served responsive pleadings.