# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2015

Lyle W. Cayce
Clerk

TERRANCE WOODS,

Plaintiff-Appellant

v.

DEPUTY CONSTABLE JOHN KEIFFER,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-957

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terrance Woods appeals the dismissal of his claims under 42 U.S.C. § 1983 and Texas law against John Kiefer, a Tarrant County deputy constable, in his individual and official capacities. The claims arose from Kiefer's actions in executing a writ of possession to evict Woods from a residence. Our review is de novo, "applying the same standard as the district court." *Michalik v. Hermann,* 422 F.3d 252, 257 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10679

We reject Woods's contention that Kiefer is not entitled to summary judgment based on qualified immunity on the Fourth Amendment and excessive force claims against him.  Kiefer properly supported his summary judgment motion with an affidavit establishing "that he was acting within the scope of his discretionary authority" in evicting Woods pursuant to a writ of possession.  *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (internal quotation marks and citation omitted).  This shifted the summary judgment burden to Woods, who was required to rebut the qualified immunity defense by showing that Kiefer's "conduct violated clearly established law."  *Id.* (internal quotation marks and citation omitted).  No warrant or probable cause is necessarily required when a state actor executes an eviction under court order.  *See Soldal v. Cook County, Illinois,* 506 U.S. 56, 71 (1992); *Freeman v. City of Dallas*, 242 F.3d 642, 647 (5th Cir. 2001).  And even if a constitutional right were assumed, Woods fails to show that it was clearly established when Kiefer acted.  *See Rockwell v. Brown*, 664 F.3d 985, 990-91 (5th Cir. 2011).

Woods filed no counteraffidavit and offered only argument rather than evidence.  *See id.* at 490; *Foval v. First Nat'l Bank of Commerce in New Orleans*, 841 F.2d 126, 129 (5th Cir. 1988).  Consequently, we may not assume that Woods could or would prove the facts necessary to prevail.  *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996).  All that the evidence shows is that Kiefer mistakenly tried to evict Woods on the wrong day.  That evidence does not bar Kiefer's invocation of the qualified immunity defense; qualified immunity allows "ample room for mistaken judgments."  *Malley v. Briggs*, 475 U.S. 335, 343 (1986).

We reject also the excessive force claim that is based on allegations that Kiefer and other officers shoved Woods aside, screamed at him, and drew their

2

No. 14-10679

guns when first attempting to evict him.  When executing warrants, officials "may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search." *Los Angeles County, California v. Rettele*, 550 U.S. 609, 614 (2007).  "The risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation." *Id.* at 615 (internal quotation marks, citation, and alteration omitted).  Woods's barebones argument points us to no case establishing that the parameters of the right Woods claims were so clearly established that a reasonable official would have understood that Kiefer's actions violated that right.  *See Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997); *see also Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *Rettele*, 550 U.S. at 614.  This claim is meritless.

Additionally, we find no merit in the official capacity claim, which was in reality a claim against Tarrant County.  *See Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).  Woods failed to allege facts that would show that Kiefer acted in accordance with any official policy or custom of the county or to show deliberate indifference by the county to any actions or omissions by Kiefer, a prerequisite to county liability.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  Woods's conclusory assertions of an official eviction-preferred policy and of incompetence are insufficient to reverse the district court.  *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983).

Woods fails to address the district court's reasons for dismissing the state law claims.  Failing to identify error in a district court's ruling dismissing a claim is the same as not having appealed the dismissal at all.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 14-10679

The district court did not abuse its discretion in denying Woods leave to amend his complaint. *See Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994-95 (5th Cir. 2005); FED. R. CIV. P. 15(a). Woods advised the district court that the proposed amendments to his complaint would not affect the substance of his claims. Therefore, denial of leave to amend caused Woods no harm.

AFFIRMED.